**E. Nicholas MILAM, Appellant,**

v.

**THE NATIONAL INSURANCE CRIME BUREAU and Gary Evans, Appellees.**

No. 04–98–00486–CV.

Court of Appeals of Texas, San Antonio.

Jan. 27, 1999.

Rehearing Overruled April 15, 1999.

Kevin B. Miller, Miller & Henderson, San Antonio, for Appellant.

Barry A. McClenahan, Ryan G. Anderson, Thad D. Spalding, Ball & Weed, P.C., San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and ALMA L. LÓPEZ, Justice.

## OPINION

HARDBERGER, Chief Justice.

E. Nicholas Milam ("Milam") appeals a summary judgment in favor of the National Insurance Crime Bureau ("NICB") and Gary Evans ("Evans") in an action for defamation and tortious interference. In his brief, Milam asserts five issues contending: (1) the trial court erred in granting a motion to withdraw that failed to notify Milam of a pending setting on an amended motion for summary judgment and in granting summary judgment in the absence of notice of the hearing; and (2) the trial court erred in granting the summary judgment. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

On April 4, 1996, Milam filed his original petition against NICB and Evans, asserting defamation and tortious interference claims arising from statements made by Evans in connection with an FBI raid of Milam's law office. Evans was a local agent of the NICB and was assisting in a nationwide investigation into insurance fraud. Pursuant to search warrants issued by a United States Magistrate Judge, the FBI conducted raids at three locations, including Milam's law office.

Milam alleged that he was damaged by the following two statements made by Evans after the raids:

· The average American household pays nearly $200.00 a year in insurance premiums to make up for insurance fraud.

Obviously we suspect some wrongdoing or we would not be serving search warrants at these locations.

The first statement was contained in a press release issued by the FBI regarding the nationwide investigation and the related search warrants, arrests, and indictments. The second statement was in response to questioning about the local raids. Evans was not present at Milam's law office at the time of the raid. His statements were made at the location of another raid after the FBI requested that he respond to news media inquiries regarding the nationwide investigation and local raids.

On October 29, 1997, NICB and Evans filed a motion for summary judgment. Milam filed his response on November 17, 1997. In his response, Milam raised various objections to the evidence attached to the summary judgment motion. On March 5, 1998, NICB and Evans filed an amended motion for summary judgment, adding an additional ground for summary judgment based on article 1.40 of the Texas Insurance Code and amending the summary judgment evidence to address the objections leveled by Milam. The fiat attached to the amended motion set it for hearing on March 30, 1998.

On March 10, 1998, Milam's attorney filed a motion to withdraw. The motion did not inform Milam of the pending setting on the amended motion for summary judgment. The motion to withdraw was granted March 16, 1998, and the amended motion for summary judgment was granted March 30, 1998. The order granting the amended motion for

summary judgment states that "[p]laintiff's attorney of record, although duly noticed, failed to appear." The order further states that the motion was granted "[a]fter hearing argument and reviewing the pleadings and evidence."

On April 3, 1998, Milam filed an unverified motion for rehearing, motion to set aside, and motion for new trial. The motion contends that the summary judgment was erroneously granted by default without considering Milam's response and further contends that the motion to withdraw should not have been granted because it failed to advise Milam of all pending settings and deadlines. A hearing on the motion for new trial was held on April 15, 1998, and the trial court signed an order denying the motion on April 20, 1998. Milam filed an amended motion for rehearing, motion to set aside and motion for new trial on April 28, 1998.[1]

### NOTICE OF HEARING AND MOTION TO WITHDRAW

■ The first argument briefed by Milam relates to his absence of notice of the hearing on the amended motion for summary judgment. Milam contends that the motion to withdraw filed by his former attorney was erroneously granted since it did not inform him of the pending setting. In addition, Milam asserts that his due process guarantee of notice was violated since he did not have notice of the hearing. NICB and Evans respond that Milam waived the absence of the requirement from the motion to withdraw by appearing at the hearing on the motion to withdraw and failing to object. In addition, NICB and Evans assert that Milam has failed to show that he was harmed by the absence of notice and, therefore, is not entitled to a reversal of the summary judgment.

With regard to the waiver argument raised by NICB and Evans, Milam's presence at the hearing on the motion to withdraw did not waive the requirement that he be notified of pending settings. Requiring Milam to object to his former attorney's failure to notify him

of a pending setting when Milam did not know of the pending setting would place Milam in an untenable position.

■ Although the failure to provide a party with the requisite 21–day notice of a setting on a motion for summary judgment is not jurisdictional, it is a requirement under the rules, and the trial court erred in granting summary judgment without notice to Milam. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 710 (Tex.App.—San Antonio 1996, writ denied). Nevertheless, in order to be entitled to reversal, Milam was required to show that he was harmed by the absence of notice. *Martin*, 989 S.W.2d at 359; *Tivoli Corp.*, 932 S.W.2d at 710.

■ The summary judgment order states that the trial court reviewed the pleadings and evidence before reaching its decision. We presume that the trial court considered the response filed by Milam to the original summary judgment motion. *Cf. Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 (Tex. App.—Austin 1995, no writ) (trial court presumed to consider response to first amended motion for summary judgment since response to second amended motion was filed late). Milam did not make any additional arguments in either his motion for new trial or his brief that show how he was harmed by his inability to file a response to the amended motion. In fact, Milam asserts in his brief that the amended motion contains an additional affirmative defense but is otherwise essentially the same as the original motion. Our review of the two motions reveals that the additional affirmative defense is the only substantive difference between the two motions. Since we affirm the summary judgment on a ground other than the additional ground added in the amended motion, we conclude that Milam failed to show that he was harmed by the absence of notice. *See Martin*, 989 S.W.2d at 359 (holding error

---

1. The amended motion was not timely filed in accordance with rule 329b of the Texas Rules of Civil Procedure, which only permits an amended motion to be filed "before any preceding motion

for new trial filed by the movant is overruled." TEX.R. CIV. P. 329b; *Wirtz v. Massachusetts Mut. Life Ins. Co.*, 898 S.W.2d 414, 419 n. 2 (Tex. App.—Amarillo 1995, no writ).

harmless because trial court considered response filed by non-movant).

## STANDARD OF REVIEW

The amended motion for summary judgment requests summary judgment under both traditional summary judgment standards and no evidence summary judgment standards. Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action or, if the motion is based on an affirmative defense, that the defense is established as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element or must produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

■ In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon,* 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.* Where, as here, the trial court does not state the grounds for granting the motion, and several grounds are provided, the reviewing court must determine if any of the grounds would support the judgment. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

■ We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269–70 (Tex.App.—San Antonio 1998, pet. denied); Judge David Hittner & Lynne Liberato, *No–Evidence Summary Judgments Under the New Rule,* in STATE BAR OF TEXAS PROF. DEV. PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D–5 (1997). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disre-

garding all contrary evidence and inferences. *Moore,* 981 S.W.2d at 269–70; *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Moore,* 981 S.W.2d at 269–70; TEX.R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711.

## TRUTH

■ With regard to the defamation claim, one of the grounds asserted for the granting of the summary judgment was the affirmative defense of truth. The truth of a statement on which a defamation action is based is a defense to the action. TEX. CIV. PRAC. & REM.CODE ANN. § 73.005 (Vernon 1997). A showing of substantial truth at a summary judgment hearing will defeat a defamation claim. *McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex.1990); *San Antonio Express News v. Dracos,* 922 S.W.2d 242, 249 (Tex.App.—San Antonio 1996, no writ).

Milam contends that the summary judgment cannot stand on this ground because truth is an affirmative defense which NICB and Evans failed to plead. Although Milam asserts that he directed the court's attention to the absence of the pleading in his response, his response does not direct the court's attention to a pleading defect with regard to the defense of truth. Milam's response only asserts the absence of pleading with regard to the contention that the statement was an opinion, not a fact. Since Milam failed to object to the absence of a pleading with regard to the defense of truth, that defense can serve as a basis for the summary judgment because it was raised in the motion. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991).

■ The statement regarding the cost of insurance fraud is supported by the FBI press release and related information regarding the nationwide investigation. We conclude that this information proves that the statement was substantially true.

■ We also conclude that Evans's statement regarding suspected wrongdoing was substantially true. Evans states in his affidavit that he attended an FBI briefing on the morning of the raids, and "it was specifically communicated by the FBI at that meeting that the FBI had a strong suspicion of first-hand knowledge and/or participation on the part of [Milam]." Evans further states: "As a result of my investigation and the joint investigation with the FBI, I did suspect that evidence of wrongdoing could be uncovered at the locations for which the federal search warrants were issued. My suspicion of wrongdoing was supported by the issuance of the search warrants." Evans's affidavit shows the substantial truth of his subjective statement that "we suspect wrongdoing, or we would not be serving search warrants." [2]

### TORTIOUS INTERFERENCE

■ The following elements must be established in a cause of action for tortious interference with contract: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss resulted. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996). The elements of tortious interference with prospective contractual relations are: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an intentional and malicious act by the defendant that prevented the relationship from occurring with the purpose of harming

the plaintiff; (3) the defendant lacked privilege or justification to do the act; and (4) actual harm or damage resulted from the defendant's interference. *Garner v. Corpus Christi Nat'l Bank*, 944 S.W.2d 469, 477 (Tex.App.—Corpus Christi 1997, writ denied), *cert. denied*, —— U.S. ——, 119 S.Ct. 410, 142 L.Ed.2d 333 (1998). The amended motion for summary judgment raised various grounds as to each of the tortious interference claims, including: (1) no knowledge that Evans knew of Milam's contractual relationships; (2) no evidence that Milam was damaged; (3) no intent by Evans to interfere; and (4) no evidence of Milam's prospective contractual relationships. We affirm the summary judgment as to the tortious interference claims based on the no evidence grounds asserted in the motion.[3]

■ The first "no evidence" issue asserted in the motion required Milam to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact to show that he was damaged by the interference. Attached to Milam's response to the original summary judgment motion is his affidavit in which he states that he was discharged by several of his clients as a result of the newspaper article and television story. Milam also states that prior to the incident, he had been retained by approximately 500 clients per year to represent them in personal injury claims. After this incident, however, Milam states that almost no one retained him as their attorney. Milam's affidavit does not state that the discharge or failure to hire resulted from the two statements made by Evans, as opposed to the newspaper article, television story and incident as a whole. Therefore, there is no evidence to show that Milam was damaged as a result of Evans's statements apart from the

---

2. Since we affirm the summary judgment as to the defamation claim on the ground that the statements were proven to be substantially true, we do not reach the other grounds asserted for affirmance, i.e., that the statements were not defamatory and were statements of opinion, not fact.

3. We note that the summary judgment as to the tortious interference claim was also supported by Evans's affidavit in which he states that he did

not make his statements for the purpose of interfering with any of Milam's existing or prospective contractual relationships and that he had no reason to believe that his statements would result in such interference. This negates any direct evidence of a willful act of interference or an intent to harm Milam. *See Hill v. Heritage Resources, Inc.*, 964 S.W.2d 89, 123 (Tex.App.—El Paso 1997, pet. denied); *Garner*, 944 S.W.2d at 477.

damage already sustained by the raid and resultant publicity.

The second "no evidence" issue asserted in the motion required Milam to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact to show the prospective relationships with which Evans allegedly interfered. While it is not necessary to prove that the contract would have certainly been made but for the interference, it must be reasonably probable, considering all the facts and circumstances attendant to the transaction. *Hill*, 964 S.W.2d at 124. More than mere negotiations must have taken place. *Id.* Milam's affidavit does not even refer to clients with which negotiations had been undertaken. Rather, he references the number of clients per year he generally represented in the past and states that almost no one had retained him since the incident. This does not reach the level of reasonable probability required to show that a contract would have been made but for the interference.

### CONCLUSION

Milam failed to show that he was harmed by the absence of notice of the hearing on the amended motion for summary judgment, and several grounds contained in the amended motion support the trial court's judgment. The summary judgment is affirmed.