NUMBER 13-04-365-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

EFRAIN CAMPOS,                                                                         Appellant,

 

                                                             v.                                

 

CINTAS CORPORATION,                                                               Appellee.

 

 

                             On
appeal from the County Court 

                             at
Law No. 4 of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








            Appellant, Efrain Campos, appeals the
trial court=s orders granting summary judgment in favor of
appellee, Cintas Corporation.[1]  In a single issue, appellant contends the
trial court erred in granting summary judgment because Cintas did not provide
him with twenty-one days= written notice of the hearings on the motions as
required by rule 166a(c).[2]  We affirm.

                                                                  Background

Cintas sued Campos for breach of a service agreement
relating to the lease of work uniforms for Campos=s auto
repair business.  Campos answered and
filed a counter-claim for breach of contract. Cintas filed a traditional motion
for summary judgment on its breach-of-contract claims, and on November 14,
2003, the trial court granted an interlocutory summary judgment in its
favor.  Cintas subsequently filed a
traditional and no-evidence motion for summary judgment as to Campos=s counter-claim; on April 16, 2004, the court
granted summary judgment in Cintas=s favor. 
Campos challenges both orders, contending that as to both of the summary
judgment hearings, Cintas did not provide him with the required twenty-one days= notice. 
Cintas contends that Campos appeared at both hearings, thereby waiving
any objection to lack of notice.[3]


On the morning of the final hearing on Cintas=s motion for summary judgment, April 14, 2004,
Campos filed a motion for summary judgment, a motion to compel, and a AMotion for Leave to File Motion Out of Time.@[4] 








                                        Standard
of Review and Applicable Law

Campos contends that Cintas did not serve him with
proper notice of either of the two summary judgment hearings.  The rules governing proper notice are rules
of civil procedure 166a(c) and 21a.

Rule 166a requires that a party serve notice of a
summary judgment hearing on opposing counsel at least twenty‑one days
before the hearing date.[5]  Lack of notice to the nonmovant of the
summary judgment hearing violates the nonmovant's due process rights.[6]  Rule 21a provides that every notice,
pleading, plea, and motion, except as otherwise expressly provided, may be
served by delivering a copy to the party to be served, or the party=s agent or attorney of record, either in person, by
agent, by courier receipted delivery, or by certified or registered mail, to
the party=s last known address.[7]  Rule 21a is applicable to the notice
requirement of rule 166a for a hearing on a motion for summary judgment.[8]  A certificate by a party or an attorney of
record is prima facie evidence of the fact of service.[9]  The presumption of service may be rebutted by
an offer of proof of nonservice.[10]








The Texas Supreme Court has held that a trial court
must give notice of the submission date for a motion for summary judgment,
because this date determines the date the nonmovant's response is due.[11]  Failure to give notice of the submission date
for a motion for summary judgment constitutes error.[12]  However, the trial court renders such error
harmless when the court considers the nonmovant's response and reconfirms its
ruling.[13]  Lack of twenty-one days' notice of a summary‑judgment
hearing is a nonjurisdictional defect that the nonmovant can waive.[14]  When late notice is raised for the first time
in a motion for new trial, harm must be shown.[15]  It is only when a party is not given notice
of the summary judgment hearing, or a party is deprived of its right to seek leave
to file additional affidavits or other written response that it may preserve
error in a post trial motion.[16]         

                                                                      Analysis

Cintas=s first motion for summary judgment was filed on
October 6, 2003, and  hearing was set for
November 12, 2003, over twenty-one days after service.  The clerk=s
record reflects that Campos=s counsel received the motion via certified mail on
October 8, 2003.  The record contains an
order setting hearing signed by the judge on October 8, 2003; however, the
order does not include a certificate of service.  Campos does not offer any evidence that
notice was not received.








Cintas=s second motion, which responded to Campos=s counterclaim, was filed on February 11, 2004.  The hearing was set for 11:00 a.m. on April
14, 2004.  The clerk=s record reflects that Campos=s counsel received a copy of the motion via
certified mail on February 11, 2004.  The
record contains an order setting hearing signed by the judge on February 26,
2004, over twenty-one days before the hearing; the order does not include a
certificate of service.  Cintas contends
that notice for both orders setting the hearing dates were sent by the trial
court.     

Here, because neither of the orders setting hearing
date includes a certificate of service, there is no presumption of service.[17]  Nonetheless, in order to be entitled to
reversal, Campos was required to show that he was harmed by the absence of
notice.[18]

Campos filed a motion for new trial, in which he
asserted that as to each of  Cintas=s motions for summary judgment, ACintas did
not serve [him] with 21 days notice of the hearing as required by law.@ (emphasis added). 
Nowhere in his motion for new trial does Campos assert that he did not receive
notice of the hearing as required by law. 
Moreover, Campos=s motion for new trial simply asserts, without
explanation, that A[t]he errors of the court are harmful to Campos.@  Campos did
not make any arguments either in his motion for new trial or his brief that
show how he was harmed by his inability to file a response to Cintas=s motions.  We
conclude Campos failed to show he was harmed by the absence of notice.[19]


 

 








We overrule Campos=s sole
issue and affirm the trial court=s judgment.   

                              

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 22nd day of August, 2005.











[1] The trial court granted summary
judgment in Cintas=s favor on November 14, 2003.  It subsequently granted summary judgment in
Cintas=s favor on Campos=s counterclaim on April 16,
2004.  Campos challenges both
orders.    





[2] See Tex. R. Civ. P. 166a(c).





[3] Campos does not controvert or
address Cintas=s assertion that he appeared at
both hearings.  No reporter=s record is included in the record
before us.  We are unable to consider any
statements in Cintas=s brief that are outside the record
and unsupported by any evidence.  See
Perry v. S.N., 973 S.W.2d 301, 303 (Tex. 1998).    





[4] The record does not reflect that
the trial court granted leave to file the documents.  We cannot, therefore, consider Campos=s motion as a response to Cintas=s motion.  See Waddy v. Houston, 834 S.W.2d 97,
101 (Tex. App.BHouston [1st Dist.] 1992, writ
denied) (holding where record reflects trial court did not grant leave to file
late response, there is a presumption that trial court did not consider
response and appellate court may not consider it).  





[5] See Tex. R. Civ. P. 166a(c); see also Aguirre v. Phillips
Props., Inc., 111 S.W.3d 328, 332 (Tex. App.BCorpus Christi 2003, pet.
denied).  





[6] Smith v. Mike Carlson Motor Co.,
918 S.W.2d 669, 672 (Tex. App.BFort Worth 1996, no writ). 





[7] Tex.
R. Civ. P. 21a; see Aguirre, 111 S.W.3d at 332. 





[8] Lewis v. Blake, 876 S.W.2d
314, 315 (Tex. 1994).  





[9] See Tex. R. Civ. P. 21a; Smith, 918 S.W.2d at 672.





[10] Cliff v. Huggins, 724
S.W.2d 778, 780 (Tex. 1987).





[11] Martin v. Martin, Martin &
Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). 





[12] Id.  





[13] Id.  





[14] Id.; May v. Nacogdoches
Mem'l Hosp., 61 S.W.3d 623, 626 (Tex. App.BTyler 2001, no pet.). 





[15] Martin, 989 S.W.2d at 359; Milam
v. Nat=l Ins. Crime Bureau, 989 S.W.2d 126, 129 (Tex. App.BSan Antonio 1999, no pet.). 





[16] May, 61 S.W.3d at 626. 





[17] Aguirre, 111 S.W.3d at 334.






[18] Martin, 989 S.W.2d at 359; Milam,
989 S.W.2d at 129. 





[19] Martin, 989 S.W.2d at 359; Milam,
989 S.W.2d at 129.