

## NUMBER 13-08-00043-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| ALEJANDRO SANTOS AND<br>MARTHA MONICA SANTOS, | Appellants, |

**v.**

| | |
|---|---|
| MADELYN HOLZMAN, M.D., INDIVIDUALLY<br>AND D/B/A UROLOGIC SPECIALISTS<br>ASSOCIATES, P.A., | Appellee. |

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

In this medical malpractice case, appellants, Alejandro Santos and Martha Monica

Santos, appeal a summary judgment granted in favor of appellee, Madelyn Holzman, M.D,

individually and d/b/a Urologic Specialists Associates, P.A. By five issues, which can be

properly characterized as two, the Santoses contend that the trial court erred by: (1)

granting Dr. Holzman's motion for summary judgment based on limitations and denying the Santoses' motion for new trial; and (2) restricting the duration and location of Holzman's second deposition.[1]  We reverse and remand.

## I. BACKGROUND

On March 11, 1998, Dr. Roger Vitko performed a vasectomy on Alejandro.[2]  Soon after the procedure, Alejandro's wife became pregnant, and she eventually gave birth on December 1, 1998.  On January 28, 1999, Alejandro, concerned about the success of his vasectomy, went to see Dr. Holzman, a board certified urologist.  Based upon her palpation of the clips placed in Alejandro's scrotum, Dr. Holzman concluded that Alejandro was more than likely not fertile.  Alejandro submitted to a test to determine his post-vasectomy sperm count, and on March 1, 1999, a nurse from Dr. Holzman's office telephoned him and told him that the test revealed that he was not fertile.  Sometime between January 5 and January 10, 2001, Martha began to believe that she was pregnant with her second post-vasectomy child.  On January 29, 2001, Martha's doctor confirmed that she was pregnant. On August 9, 2001, the Santoses added Dr. Holzman as a party to an existing lawsuit against various healthcare providers by filing "Plaintiffs' Fourth Amended Petition."

On May 8, 2003, the Santoses took Dr. Holzman's deposition.  At the time of the deposition, the suit against Dr. Holzman was severed and transferred to a different court and the severance/transfer order was on appeal to this Court.  *Santos v. Holzman*, No. 13-

---

[1] On appeal, the Santoses contend that: (1) the trial court erred by granting summary judgment based on limitations in favor of Dr. Holzman; (2) the trial court erred by granting Dr. Holzman's original motion for summary judgment, a motion that had previously been amended and superceded; (3) the trial court erred by granting summary judgment without providing the Santoses proper notice of the summary judgment hearing and without consideration of the Santoses' response; (4) the trial court erred by overruling their motion for new trial; and (5) the trial court abused its discretion in restricting a second deposition of Dr. Holzman to thirty minutes and to Nueces County.  We will address together the Santoses' first four issues, challenging the trial court's granting of Dr. Holzman's motion for summary judgment.

[2] Originally, this dispute involved numerous parties, including Dr. Vitko; however, all parties, other than Dr. Holzman, have settled their claims.

2

02-662-CV, 2005 WL 167309, at *4 (Tex. App.–Corpus Christi Jan. 27, 2005, pet. denied) (mem. op.) (reversing the severance and transfer orders). On April 5, 2007, the Santoses sought to depose Dr. Holzman for a second time. Dr. Holzman filed a motion to quash her second deposition, and although the trial court did not quash Dr. Holzman's deposition, on May 8, 2007, the court signed a protective order limiting her deposition to thirty minutes and requiring that it be taken in Nueces County or conducted by phone. On May 30, 2007, the Santoses filed a motion to reconsider the trial court's May 8, 2007 order.

On May 22, 2007, Dr. Holzman filed "Defendant Madelyn Holzman, M.D.'s Motion for Summary Judgment Based on Limitations." On May 29, 2007, the trial court set her motion for summary judgment to be heard by submission on June 27, 2007. On June 14, 2007, the trial court conducted a hearing on the Santoses' motion for referral to alternative dispute resolution; the court granted the motion and ordered the submission date on Dr. Holzman's motion for summary judgment reset to August 2, 2007. On July 27, 2007, the Santoses filed a response to Dr. Holzman's traditional motion for summary judgment based on limitations. On August 2, 2007, the trial court reset the hearing for August 7, 2007. The August 7, 2007 hearing was passed by the parties to August 16, 2007. The August 16, 2007 hearing was continued but not reset.

On October 9, 2007, Dr. Holzman filed a document entitled "Defendant's Amended Motion for Summary Judgment." On October 17, 2007 the trial court entered an order granting summary judgment based on limitations in favor of Dr. Holzman. The Santoses filed a motion for new trial that was later overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal ensued.

## II. SUMMARY JUDGMENT BASED ON LIMITATIONS

In their first issue, the Santoses contend that the trial court erred by granting

3

summary judgment based on limitations in favor of Dr. Holzman and in denying their motion for new trial. Specifically, the Santoses contend that the trial court erred by: (1) granting Dr. Holzman's original motion for summary judgment, a motion that had subsequently been amended and superceded; and (2) granting summary judgment without providing the Santoses proper notice of the summary judgment hearing and without consideration of the Santoses' response.

## A. Standard of Review

The right to summary judgment exists only in compliance with Texas Rule of Civil Procedure 166a. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.–Dallas 2004, pet. denied). The movant must comply with all the requirements of the rule, and proper notice to the non-movant of the date of submission of a summary judgment is a prerequisite to summary judgment. *See id.* Because summary judgment is a harsh remedy, reviewing courts strictly construe summary judgment in procedural and substantive matters against the movant. *Id.*

## B. Amended Motion for Summary Judgment

An amended motion for summary judgment supercedes and supplants the previous motion, which may no longer be considered. *See* Tex. R. Civ. P. 65; *Retzlaff v. Tex. Dep't of Criminal Justice*, 135 S.W.3d 731, 737-38 (Tex. App.–Houston [1st Dist.] 2003, no pet.); *State v. Seventeen Thousand and No/100 Dollars U.S. Currency*, 809 S.W.2d 637, 639 (Tex. App.–Corpus Christi 1991, no writ). Therefore, the Santoses contend that Dr. Holzman's original motion for summary judgment was superceded on October 9, 2007, when she filed a motion entitled "Defendant's Amended Motion for Summary Judgment." Dr. Holzman argues that the October 9 document was not an amended motion for summary judgment, and was instead a mistitled reply to the Santoses' response to her

4

original motion for summary judgment.

When justice requires, we must treat an improperly designated pleading as if it had been properly designated. *See* TEX. R. CIV. P. 71. Therefore, we look to the substance of a pleading or motion, not its title, to determine its effect. *See Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Sossi v. Willette & Guerra, LLP*, 139 S.W.3d 85, 89 (Tex. App.–Corpus Christi 2004, no pet.). Although Dr. Holzman's October 9 document offers some reply to the Santoses' response, it is an entirely rewritten pleading that restates the statute of limitations affirmative defense and asserts the additional affirmative defense of res judicata. Because the substance of Dr. Holzman's October 9 document accurately reflects the title of the motion, we conclude that Dr. Holzman's October 9, 2007 motion was an amended motion for summary judgment and thus, her original motion for summary judgment was superceded. *See* TEX. R. CIV. P. 65, 71; *Retzlaff*, 135 S.W.3d at 737; *Seventeen Thousand and No/100 Dollars U.S. Currency*, 809 S.W.2d at 639.

## C.     Analysis of the Trial Court's Order Granting Summary Judgment

The trial court's order granting summary judgment states: "[T]he Court considered the Defendant's Motion for Summary Judgment based on Limitations, and the Court, after considering the same, is of the opinion that the Motion should be and is herein granted." The Santoses argue that because the trial court limited its consideration to and granted the "Defendant's Motion for Summary Judgment based on Limitations"—a phrase which mirrors the title of Holzman's original motion for summary judgment—the trial court erroneously granted summary judgment on Dr. Holzman's original motion for summary judgment, a "dead" motion. When reviewing orders that are silent as to what the trial court considered or that recite that the trial court reviewed the pleadings and evidence before it, we presume that the trial court considered all relevant motions properly before it. *See*

5

*Retzlaff*, 135 S.W.3d at 737-38. However, in the present case, the trial court's order states that it only considered a document bearing the title of Dr. Holzman's original motion for summary judgment. Therefore, because the trial court expressly granted a "dead" motion, we conclude that summary judgment was erroneous. *See id.*

Even assuming, arguendo, that the trial court granted Dr. Holzman's amended motion for summary judgment, the trial court erred in granting summary judgment by failing to give the Santoses notice of the submission date of the amended motion for summary judgment.

Due process requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). Under rule 166a(c) of the Texas Rules of Civil Procedure, a non-movant is afforded twenty-one days' notice before a summary judgment hearing or date of submission. *See* TEX. R. CIV. P. 166a(c); *see also Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex. App.–Corpus Christi 2003, pet. denied). The Texas Supreme Court has held that a trial court must give notice of the submission date for a motion for summary judgment, because this date determines the date the non-movant's response is due. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Aguirre*, 111 S.W.3d at 332. Failure to give notice of the submission date is not jurisdictional and therefore can be rendered harmless when the trial court considers the non-movant's response. *See Martin*, 989 S.W.2d at 359 (holding that error was harmless where, after granting summary judgment, the trial court considered the non-movant's response and reconfirmed its ruling).

As noted, on October 9, 2007, Dr. Holzman filed a document entitled "Defendant's Amended Motion for Summary Judgment," and on October 17, 2007, the trial court entered

6

an order granting summary judgment in favor of Dr. Holzman. Neither party contends that the Santoses received notice of the submission date of the amended motion. The trial court erred by failing to give the Santoses notice of the submission date of the amended motion for summary judgment. *See id.* Moreover, although the trial court could have considered the Santoses' response to Dr. Holzman's original motion for summary judgment when it considered her amended motion for summary judgment, the Santoses contend that the trial court did not consider their response, and as such, they were harmed.

The Santoses contend that because the trial court's order states, "[T]he Court considered the Defendant's Motion for Summary Judgment based on Limitations, and the Court, after considering same, is of the opinion that the Motion should be and is herein granted," the trial court expressly limited itself to the consideration of only the "Defendant's Motion for Summary Judgment based on Limitations." Generally, we presume that the trial court considered all relevant motions properly before it if the order is (1) silent as to what the trial court considered, or (2) recites that the trial court reviewed the pleadings and evidence before it. *See Retzlaff*, 135 S.W.3d at 737-38; *Milam v. Nat'l Ins. Crime Bureau*, 989 S.W.2d 126, 129 (Tex. App.–San Antonio 1999, no pet.). However, here, the trial court's order expressly set out what the trial court considered. Even assuming that the trial court granted summary judgment on the amended motion, the language of the order makes it clear that only one document, the amended motion, was considered. Had the order provided, as orders in cases where we have applied the presumption, that the trial court considered all pleadings and evidence of the parties, or similar language, we could presume that the trial court considered the Santoses' response to Dr. Holzman's original, superceded motion for summary judgment. *See Retzlaff*, 135 S.W.3d at 737-38 ("The judgment indicates that the trial court considered 'the argument and pleadings of the

7

parties filed herein.'   We take this statement to mean that the court considered all pleadings filed prior to the date of the judgment . . . ."); *Milam*, 989 S.W.2d at 129 (noting that where the summary judgment order stated that the trial court reviewed the pleadings and evidence before reaching its decision, the appellate court could presume that the trial court considered the nonmovant's response to the original summary judgment motion). Because the language of the order granting summary judgment expressly forecloses the presumption that the Santoses' response to Dr. Holzman's original motion was considered, the Santoses were unable to provide a response.

In light of the foregoing, the Santoses' first issue is sustained.

### III. SECOND DEPOSITION

In their second issue, the Santoses contend that the trial court abused its discretion by restricting a second deposition of Dr. Holzman to thirty minutes and requiring that the deposition take place in Nueces County.  Dr. Holzman argues that we cannot consider the trial court's protective order because the Santoses did not reference this order in their motion for new trial or their notice of appeal.

A civil appeal is perfected when the notice of appeal is filed.  *See* TEX. R. APP. P. 26.1.  The notice of appeal must specify the date of the judgment or order appealed from. *See id.* 25.1(d)(2).  The Santoses' notice of appeal expressly states that they appeal only the trial court order entered on October 17, 2007.  The Santoses urge that because the trial court's order granting summary judgment specifically states that "[a]ll relief requested in this case and not expressly granted is denied," they have perfected their challenge to the trial court's May 8, 2007 protective order.  We disagree.

The Santoses filed a motion to reconsider the trial court's protective order on May 30, 2007.  The Santoses urge that the motion to reconsider "was overruled when the Final

Judgment was entered which denied all requested relief," and, therefore, by stating the date of the October 17, 2007 order granting Dr. Holzman's motion for summary judgment, the Santoses perfected their complaint as to the granting of the protective order. To support this assertion, the Santoses rely on *Perry v. Cohen*. 272 S.W.3d 585, 587 (Tex. 2008). *Perry* involves an appeal from a dismissal with prejudice due to the plaintiff's failure to file an amended petition that complied with an order granting the defendant's special exceptions. *Id.* at 586. In *Perry*, although the plaintiffs did not specifically challenge the special exceptions order in their notice of appeal or in the issues in their appellate brief, the court found that the plaintiffs properly challenged the special exceptions order by challenging its merits in the body of their appellate brief. *Id.* at 587-88. The court reasoned that the plaintiffs could challenge the special exceptions order, despite their failure to identify the order in the notice of appeal, because the final judgment, a dismissal order, essentially subsumed the special exceptions order, and the final judgment was identified in the notice of appeal. *Id.* at 587-88.

The present case is distinguishable from *Perry.* In *Perry* the trial court granted dismissal for failing to comply with an order granting special exceptions. *See id.* Here, the trial court granted summary judgment based on limitations and was in no way related to the protective order the Santoses request we review. Because *Perry* is distinguishable and appellants have failed to cite authority supporting their proposition, we do not conclude that the trial court's protective order was subsumed by the order granting summary judgment. Accordingly, the Santoses have failed to perfect their appeal from the protective order. *See* TEX. R. APP. P. 25.1(d)(2); *see also Law Offices of Lin & Assocs. v. Ho*, No. 14-01-01265-CV, 2002 WL 31319191, at *2 (Tex. App.–Houston [14th Dist.] Oct. 17, 2002, pet. denied) (mem. op., not designated for publication) (holding that appellant failed to preserve

review of a protective order where she failed to request that the trial court rule or object to the trial court's failure to rule on her motion to reconsider a protective order). The Santoses' second issue is overruled.

## IV. CONCLUSION

We reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
18th day of February, 2010.