Jan MARTIN, Independent Executrix
of the Estate of Gary Martin,
Petitioner,

v.

MARTIN, MARTIN & RICHARDS, INC.
and Roneal Martin, Respondents.

No. 97–0795.

Supreme Court of Texas.

Oct. 8, 1998.

Rehearing Overruled April 22, 1999.

Thomas J. Williams, Craig M. Price, Melissa L. Smith, Fort Worth, for Petitioner.

Ed Huddleston, Dabney D. Bassel, Lynn M. Johnson, for Respondents.

PER CURIAM.

The primary question presented is whether a dismissal with prejudice of a suit to declare a contract valid bars an action for a breach occurring after the dismissal. In the circumstances of this case, we answer no, contrary to the court of appeals,[1] and therefore reverse and remand the case to that court for further proceedings.

Gary Martin sold his stock in Martin, Martin & Richards, Inc. to its other two shareholders, Roneal Martin and Floyd Richards. Under their written contract ("the contract"), Gary was to be paid $200,000 for his interest in MMR and $1.3 million for consulting services. Payments were to be made in equal bimonthly installments over ten years.

Several years later, Roneal and MMR sued Floyd to dissolve their business relationship.

---

1. 991 S.W.2d 1, 1999 WL 274154.

Gary was not named as a party. Although MMR had paid Gary all but one installment due up to that point under the contract, he was concerned that Roneal and Floyd might attempt to restructure their relationship so as to evade their contractual obligations to him. Consequently, Gary intervened in the suit to obtain a declaration that the contract was a binding obligation on MMR and that it and any transferees of its assets as a result of the business dissolution would remain liable to Gary for all payments due. Gary also sought to impose a constructive trust on MMR's assets to secure its contractual obligations to him. Roneal and Floyd settled, and Roneal became the sole shareholder of MMR. Although Gary did not take part in the settlement, he approved a proposed order reciting that "[a]ll parties ... desire to dismiss the claims which they had, each against the other, with prejudice". This order, perhaps by mistake, only allocated costs of suit and did not dismiss the case. In a later order not approved by Gary, the district court dismissed with prejudice "all causes of action which were brought, or which could have been brought, by Plaintiffs, Defendants, and Intervenor".

Throughout the litigation MMR had continued to pay Gary installments under the contract as they became due, but a month after the settlement, it ceased payments. Gary immediately sued MMR and later amended his pleadings to name Roneal as a defendant, claiming past installments due and unpaid, as well as future installments based on anticipatory breach. The events of this lawsuit were quite complex, and we describe them only insofar as they are material to the issues now before us. Defendants moved for summary judgment, and four days later, without notice to Gary and before he had filed a response, the district court signed an order granting summary judgment for defendants. Two days after the order was signed, Gary filed a response to defendants' motion. Eleven days later the court issued another order stating that Gary's response had been "received and considered for all purposes, with respect to Defendants' Summary Judgment ..., and that, after having considered [the response], the Court's prior determination that [defendants' motion] should be granted remains correct in all respects." The court of appeals dismissed Gary's appeal, holding that the order granting summary judgment was interlocutory.[2] Before the judgment was made final in the trial court, Gary died, and his independent executrix, Jan Martin, was substituted as a party in his stead.

Defendants' motion for summary judgment was based on numerous grounds, and the district court did not specify the basis for its ruling. Accordingly, on appeal Martin has attacked all of the grounds in defendants' motion. The court of appeals held that defendants were entitled to summary judgment on one ground—res judicata—and therefore did not consider the other grounds raised by defendants.[3] "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."[4] The court of appeals reasoned that Gary's intervention in the prior suit raised the same issues regarding the validity of the contract and the obligation owed under it that he attempted to litigate in this action. We have not had occasion to consider whether or to what extent a judgment dismissing a claim for declaratory relief should be given preclusive effect. Forty years ago in *Cowling v. Colligan* we stated that a "judgment is res adjudicata only of present and not of future conditions."[5] More recently, in *Marino v.*

2. The summary judgment order and subsequent reconfirmation order were held to be interlocutory because MMR still had counterclaims pending. It was not until these counterclaims were nonsuited a year later that the judgment became final. Consequently, the question whether the time for perfecting appeal began to run from the order granting summary judgment or the order denying reconsideration is not presented in this case.

3. 991 S.W.2d at 4.

4. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992).

5. 158 Tex. 458, 312 S.W.2d 943, 947 (1958).

*State Farm Fire & Casualty Insurance Co.,* we reiterated that "a judgment in one suit will not operate as res judicata to a subsequent suit ... 'where, in the interval, the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties.'"[6] But these broad pronouncements provide little guidance in resolving the issue in this case.

■ Section 33 of the *Restatement (Second) of Judgments* states:

> A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.[7]

The rule as stated does not address what, if any, preclusive effect should be given to a judgment that simply denies declaratory relief without determining the matters presented, although comment c to this section suggests that such a judgment should not preclude subsequent claims or issues. We need not resolve this broad issue here. We decide only that, as a general matter, a judgment dismissing with prejudice a claim for a declaration that a contract is valid does not amount to a declaration that the contract is invalid and does not preclude an action for subsequent breaches. Here, Gary does not appear to have sued for the one installment that had gone unpaid before the judgment in the prior suit, or on grounds that had arisen before that judgment. Thus, we need not decide whether such claims might have been merged in the judgment or otherwise barred.

■ Concerning the procedural complaints Martin raises, the appeals court held that an oral hearing on a motion for sum-mary judgment is not required, that notice of submission is required, and that the lack of notice in this case was not reversible error because the district court considered Gary's response and reconfirmed its ruling.[8] We agree. Although Rule 166a(c) of the Texas Rules of Civil Procedure calls for a hearing on a motion for summary judgment, not every hearing called for under every rule of civil procedure necessarily requires an oral hearing. Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court.[9] An oral hearing on a motion for summary judgment may be helpful to the parties and the court, just as oral argument is often helpful on appeal, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment,[10] an oral hearing is not mandatory. Notice of hearing or submission of a summary judgment motion, however, is required, although as the court of appeals said, it is not "jurisdictional".[11] The hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due.[12] The district court erred, therefore, in granting defendants' motion for summary judgment without notice to Gary. The error was harmless, however, because the court fully considered Gary's response and reconfirmed its ruling. Martin does not contend that the district court's actions prevented Gary from presenting to the court a full response to defendants' motion for summary judgment. The court was not required to vacate the summary judgment and then reinstate it to accomplish the same end. (Whether the time for perfecting appeal began to run from the order granting summary judgment or the

6. 787 S.W.2d 948, 949–950 (Tex.1990) (quoting *City of Lubbock v. Stubbs,* 160 Tex. 111, 327 S.W.2d 411, 414 (1959)).

7. RESTATEMENT (SECOND) OF JUDGMENTS § 33 (1982); see also Annotation, *Extent to which principles of res judicata are applicable to judgment in actions for declaratory relief,* 10 A.L.R.2d 782 (1950).

8. 991 S.W.2d at 11.

9. *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.,* 754 S.W.2d 152, 153 (Tex.1988) (per curiam).

10. TEX.R. CIV. P. 166a(c).

11. 991 S.W.2d at 11.

12. TEX.R. CIV. P. 166a(c).

order denying reconsideration is not questioned by the parties.)

Accordingly, we grant Martin's application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals and remand the case to that court for consideration of other issues not previously addressed.[13]