Affirmed and Memorandum Opinion filed November 17, 2005









Affirmed
and Memorandum Opinion filed November 17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00461-CV

____________

 

THERESA
HEARN-HAYNES,
Appellant

 

V.

 

FINANCIAL
INSURANCE EXCHANGE A/K/A ASSURANT GROUP, Appellee

 



 

On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 03-18652

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Theresa Hearn-Haynes, appeals
the trial court=s granting of a no-evidence summary
judgment in favor of appellee, Financial Insurance Exchange a/k/a Assurant
Group (AFIE@).  We affirm. 









FIE insured Hearn-Haynes from October 26,
2001, through October 26, 2003. 
Hearn-Haynes filed a mold damage claim under her FIE homeowner=s policy.  After FIE refused to pay the claim,
Hearn-Haynes sued FIE for breach of contract, violations of the Texas Insurance
Code, violations of the Texas Deceptive Trade Practices-Consumer Protection
Act, negligence, and breach of the duty of good faith and fair dealing.  Hearn-Haynes moved for a traditional partial
motion for summary judgment on her claim for breach of contract and claim for
attorney fees.  FIE filed a no-evidence
motion for summary judgment on all of Hearn-Haynes= claims.  The trial court granted FIE=s no-evidence
motion for summary judgment, but did not rule on Hearn-Haynes= motion for
summary judgment.  

In her first issue, Hearn-Haynes contends
her mold claim is covered under the FIE policy covering the period of October
26, 2001 through October 26, 2002. 
Hearn-Haynes, however, has failed to provide any cites to the record
supporting her claim that her mold claim was covered under the policy, thereby
waiving this issue.  Tex. R. App. P. 38.1(f), (h).  Hearn-Haynes= first issue is
overruled.  

In her second issue, Hearn-Haynes claims
the trial court erred in refusing to rule on her motion for summary judgment,
thus, violating her due process and equal protection rights under both the
United States and Texas constitutions. 
Similarly, in her seventh issue, Hearn-Haynes claims the trial court
should be sanctioned for due process and equal rights violations for ignoring
her motion for summary judgment.  Because
Hearn-Haynes has failed to provide any argument or citations to authority in
support of these issues, they have been waived. 
Tex. R. App. P.
38.1(h).  Hearn-Haynes= second and
seventh issues are overruled.  

In her third issue, Hearn-Haynes claims
the trial court erred in granting FIE=s motion for
summary judgment without notice and/or opportunity to be heard.  Under Rule 166a(c) of the Rules of Civil
Procedure,[1]
a hearing on a motion for summary judgment may be set as early as the 21st day
after the motion is served, or the 24th day if the motion is served by
mail.  Lewis v. Blake, 876 S.W.2d
314, 316 (Tex. 1994).  FIE served its
no-evidence motion for summary judgment on Hearn-Haynes by mail certified mail
on January 23, 2004, along with a notice of a submission date of February 16,
2004C24 days after the
motion was served.








In computing the correct hearing date
under Rule 4 of the Texas Rules of Civil Procedure, A[t]he last day of
the period so computed is to be included, unless it is a Saturday, Sunday or
legal holiday, in which event the period runs until the end of the next day
which is not a Saturday, Sunday or legal holiday.@  Tex.
R. Civ. P. 4.  Included among the
legal holidays set forth in the Texas Government Code is Presidents= Day, which is Athe third Monday
in February.@  Tex. Gov=t Code Ann. ' 662.003(a)(3) (Vernon 2004).  The submission date for the motion, i.e.,
February 16, 2004, fell on the legal holiday of Presidents= Day.  Therefore, the earliest date on which the
motion could be set for submission was the next day, February 17, 2004.  

The trial court granted FIE=s motion for
summary judgment on February 16, 2004. 
However, Hearn-Haynes has failed to explain or otherwise show that she
suffered any harm by the error in setting the motion for submission one day
early.  She filed her response to the
no-evidence motion for summary judgment on February 9, 2004CAnot later than
seven days prior to the day of hearing@[2] and the trial
court=s order granting
FIE=s motion for
summary judgment recites that it had Areviewed the
pleadings on file.@  

Hearn-Haynes further claims the trial
court erred in not conducting an oral hearing on FIE=s no-evidence
motion for summary judgment.  Although
Rule 166a(c) calls for a hearing on a motion for summary judgment, not every hearing
called for under every rule of civil procedure requires an oral hearing.  Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998). Because oral testimony cannot be
adduced in support of or in opposition to a motion for summary judgment, an
oral hearing is not required.  Id.  Therefore, it was not error for the trial
court to grant FIE=s no-evidence motion for summary judgment
without first having conducted an oral hearing. 
Hearn-Haynes= third issue is overruled.  








In her fourth issue, Hearn-Haynes claims
the trial court erred in ignoring her motion to compel discovery.  In her sixth issue, Hearn-Haynes claims the
trial court=s order to compel discovery violates the
14th Amendment to the United States Constitution for lack of specificity and,
therefore, is void.  No orders, motions,
or any other pleadings concerning discovery are included in the appellate
record.  Without the inclusion of the
motion to compel discovery and the order to compel discovery, nothing has been
presented to this court for review. 
Hearn-Haynes= fourth and sixth issues are
overruled.  

In her fifth issue, Hearn-Haynes claims
the trial court erred in not considering the evidence attached to her motion
for summary judgment when it granted FIE=s no-evidence
motion for summary judgment.  FIE moved
for summary judgment on all of Hearn-Haynes= claims for lack
of evidence supporting the elements of each of her claims.  When a party moves for summary judgment under
Rule 166a(i), the respondent must produce summary judgment evidence raising a
genuine issue of material fact, otherwise the trial court must grant the
motion.  Western Invs., Inc. v. Urena,
162 S.W.3d 547, 550 (Tex. 2005).  

Hearn-Haynes attached approximately 165
pages of documents to her motion for summary judgment.  In her response to FIE=s no-evidence
motion for summary judgment, however, Hearn-Haynes merely referenced a one-page
declarations page included in those 165 pages without directing the trial court
to any other evidence.  The trial court
is not required to search its file for summary judgment evidence raising a
genuine issue of material fact without guidance from the non-movant.  Aguilar v. Morales, 162 S.W.3d 825,
838 (Tex. App.CEl Paso 2005, pet. denied); Shelton v.
Sargent, 144 S.W.3d 113, 120 (Tex. App.CFort Worth 2004,
pet. denied).  Hearn-Haynes= fifth issue is
overruled.  

Having overruled each issue, we affirm the
judgment of the trial court.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 17, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.











[1]  Tex. R. Civ. P. 166a(c).  





[2]  Tex. R. Civ. P. 166a(c).