Opinion issued January 12, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00842-CV
__________
 
IN THE INTEREST OF J.L.C. AND J.C., MINOR CHILDREN
 

 
 
On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2002-23298
 

 
 
MEMORANDUM OPINION
           The trial court rendered a post-answer default against James M. Traylor in this
suit filed by the Texas Attorney General to establish that he was the father of J.L.C.
and J.C. and to establish his obligation to pay them child support. In six issues,
Traylor, who is incarcerated in the Texas Department of Criminal Justice-Institutional
Division


 and is acting pro se, argues that (1) the Attorney General’s office should not
have filed the original petition; (2) his motion for summary judgment should have
been granted; (3) he complied with all rules and procedures, which negated a default
judgment; (4) no default-judgment hearing was held; (5) a default judgment may not
be rendered after a defendant has filed an answer; and (6) the Attorney General’s
office demonstrated that the suit was still active by filing pleadings after the default
was entered. We affirm.
Background
          On June 6, 2002, the Attorney General filed a petition to establish the parent-child relationship in which it alleged that Traylor was the father of Brenda Kay
Reese’s two minor children. On August 1, Traylor filed an original answer in which
he denied parentage and agreed to submit to genetic testing. On the same day, he
filed a motion for summary judgment and then, later, on February 25, 2003, a motion
to re-urge summary judgment with prejudice as a matter of law.


 Both motions
alleged that (1) the children had been born during the marriage of their mother to
Thomas Reese; (2) Thomas Reese was consequently the presumed father; and (3) the
Attorney General’s suit was barred by a four-year limitation provision in the Family
Code. Attached to the motion to re-urge summary judgment was a certified copy of
Thomas Reese and Brenda Kay Cook’s marriage license dated June 9, 1983 and an
affidavit from the registrar at the Department of Health which indicated that Thomas
Reese and Brenda Kay Cook Reese were divorced on April 18, 1994. The petition
noted that the children were born in 1986 and 1989. No notice of hearing or
submission was filed with either motion; therefore, the motions were not set for a
ruling, and the record does not reflect that either motion was ruled upon.
          On May 20, 2003, an AA Title IV-D master held a hearing attended by an
Assistant Attorney General and Brenda Reese, but Traylor was not present. The trial
court determined that Traylor was the father of J.L.C. and J.C., and it appointed Reese
as managing conservator. It found that $28,140 in retroactive child support should
be ordered; however, in a handwritten note, it declared, “The court finds that
respondent is incarcerated, therefore no child support or arrears payment is ordered
at this time.” The order indicated that a record of the proceeding was made by audio
recording. Traylor did not appeal the proposed order to the referring court; therefore,
the order became the order of the referring court by operation of law. See Tex. Fam.
Code Ann. § 201.1041(a) (Vernon Supp. 2005). 
Summary Judgment
          Traylor filed a motion for summary judgment and a motion to re-urge summary
judgment both contending that, pursuant to Texas Rule of Civil Procedure 166a(c),
there was no genuine issue of material fact.


 In issue one, Traylor contends that the
suit was time-barred, and, in issue two, he argues that the motions for summary
judgment should have been granted. 
          It is undisputed that Traylor did not request a submission or hearing date when
he filed his motions for summary judgment. Notice of hearing or submission of a
summary judgment motion is required. Martin v. Martin, Martin & Richards, Inc.,
989 S.W.2d 357, 359 (Tex. 1998). The hearing date determines the time for response
to the motion; without notice of hearing, the nonmovant cannot know when the
response is due. Id. The district court would have erred, therefore, had it granted
Traylor’s motions for summary judgment without notice to the Attorney General’s
office. See id. 
          We overrule issues one and two.
Post-Answer Default Judgment
          In issues three, four, five, and six, Traylor contends that (1) he complied with
all rules and procedures, which negated a default judgment; (2) no default-judgment
hearing was held; (3) default judgment may not be rendered after a defendant has
filed an answer; and (4) the Attorney General’s office demonstrated that the suit was
still active by filing pleadings after the default was entered. 
          A post-answer default judgment occurs when a timely answer that puts the
merits of plaintiff’s claims at issue is on file, but the defendant fails to appear at trial. 
Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). If a defendant has filed such
an answer, the defendant’s failure to appear at trial is neither an abandonment of the
defendant’s answer nor an implied confession of any issues joined by the defendant’s
answer. Id.; Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. App.—Houston [1st
Dist.] 2004, no pet.).
Notice
          In his brief, Traylor states that he received an “unsigned document” from the
Texas Attorney General’s office informing him that his case had been set for trial on
the merits at the “IV-D Court #2” on May 20, 2003. He contends that, on May 10,
2003, he filed with the IV-D Court #2 a “Motion to Re-Urge Continuance or Request
for A Jury Trial on the Merits and Request for Defendant to be Present for Trial.” The
appellate record does not contain such a document or any orders relating to the
document.


 Traylor concedes that he was given notice of the trial setting. Traylor
contends, however, that he did not receive notice of the default judgment hearing. 
The record does not reflect that there was a separate default judgment hearing.
          We overrule issues three and four.
Improperly Granted
          In issue five, Traylor argues that a default judgment may not be rendered after
a defendant has filed an answer. That is a correct statement of the law. Here,
however, the trial court rendered a post-answer default judgment. Therefore, because
Traylor had answered and did not abandon his answer, the Assistant Attorney General
was required to prove its case. See Sharif, 135 S.W.3d at 872.
          In his answer, Traylor denied parentage and agreed to submit to genetic testing. 
While there was no written record of the default-judgment hearing, this Court was
provided with an audiotape recording of the hearing. The tape reflects that the trial
court took judicial notice that Traylor had been notified of the trial date and did not
appear; therefore, the Assistant Attorney General was going to proceed with a default-judgment hearing. Brenda Reese was the only witness who testified during the
hearing, and she testified that tests were conducted on the children, and Traylor could
not be “excluded as the biological father of those children with a 99.99 percent
parentage index.” 
          We hold that the Attorney General met its burden of establishing parentage. 
Accordingly, we overrule point of error five.
Case Still Active 
          In point of error six, Traylor argues that the Attorney General’s office
demonstrated that the suit was still active by filing pleadings after the default was
entered.
          Traylor received an “Original Answer” from the Attorney General on July 5,
2003, two months after the trial court entered the default and established the parent-child relationship. This, he contends, is evidence that the Attorney General’s office
understood that “the suit was still active.” 
          A judgment’s finality is not based on whether a party thinks the suit is still
active but on whether the judgment disposes of all parties and issues. See Lehman 
v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). Furthermore, the 2003 Original
Answer allegedly filed by the Attorney General is not in our appellate record and
cannot be considered for our determination. See Wright v. Sage Eng’g, Inc., 137
S.W.3d 238, 254 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).
          We overrule point of error six. 
                                         Conclusion
          We affirm the judgment of the trial court. All outstanding motions are denied.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.