TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00115-CV






David Long, Appellant


v.


Dianne Yurrick, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 205,818-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





O P I N I O N


 The central issue presented in this appeal is whether a trial court erred in granting a
no-evidence summary-judgment motion one day before the previously scheduled hearing on the
motion when the non-movant had failed to file either a response or objections to the motion before
the deadline for doing so. Under the circumstances here, we conclude there was no reversible error. 

 Appellant Long and appellee Yurrick were involved in a relationship that did not end
well and left in its wake disputes regarding ownership of various assets. Long sued Yurrick, initially
alleging the existence of a common-law marriage and petitioning for a divorce and property division.
After the district court dismissed these claims on a finding that no marriage existed, Long asserted
claims for damages under causes of action for breach of contract or unjust enrichment, breaches
of fiduciary duties, fraud, conversion, and intentional infliction of emotional distress. After these
claims had been pending almost three years, on September 8, 2009, Yurrick filed a no-evidence
summary-judgment motion challenging whether evidence supported one or more elements of each
of Long's causes of action. The certificate of service attached to the motion reflects that Yurrick
served the motion on September 3, 2009, via certified mail to Long's counsel.

 By order dated October 28, 2009, the district court set a hearing on Yurrick's
motion for Wednesday, November 18, 2009--exactly 21 days thereafter--at 1:30 p.m. On the same
day, the court faxed notice of the hearing to Long's attorney. The deadline for Long to file and serve
a response to Yurrick's motion--Thursday, November 12 (extended one day because the 11th was
Veterans Day)--passed without Long either responding or objecting to the motion. See Tex. R. Civ.
P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day
of hearing may file and serve opposing affidavits or other written response."); see also id. R. 4 (in
determining the deadline, "[t]he last day of the period . . . is to be included, unless it is a Saturday,
Sunday or legal holiday, in which event the period runs until the end of the next day which is not a
Saturday, Sunday or legal holiday.").

 On the morning of Tuesday, November 17, 2009--the day before the scheduled
summary-judgment hearing--Yurrick's counsel faxed a letter to the district court pointing out that
Long had neither responded nor objected to Yurrick's no-evidence motion by the response deadline.
Yurrick emphasized that under the no-evidence summary-judgment rule, the district court was
required to "grant the motion unless the respondent produces summary judgment evidence raising
a genuine issue of material fact." Tex. R. Civ. P. 166a(i). As the district court was already required
to grant the motion by virtue of Long's failure to respond, and the parties could not present live
testimony at the hearing, Yurrick urged that the scheduled summary-judgment hearing on the
following day was unnecessary. Instead, Yurrick suggested, the district court could proceed to
grant the motion, thereby saving the court's time and Yurrick's counsel (who is based in Lubbock)
a long trip to Bell County.

 The letter prompted the district court to arrange what the court and parties
alternatively term a "conference" or "hearing" that same afternoon with Long's counsel (a Killeen
lawyer who happened to be at the Bell County courthouse on other matters) and Yurrick's counsel,
who participated by telephone. The record indicates that the proceeding had begun in chambers
but ultimately was moved to the courtroom, where a court reporter began transcribing it. Yurrick
urged that Long's failure to file a response made it mandatory and inevitable at that juncture that the
district court would grant her no-evidence summary-judgment motion. Long did not dispute that he
had not filed a response nor objected to Yurrick's motion by his response deadline--and still had
not--nor had he sought leave to file a late response or previously moved for a continuance of the
hearing. Instead, Long attempted to justify his failure to file a response by asserting (and it appears
undisputed) that there had been a trial setting in the case scheduled on the same day as the summary-judgment hearing, but at an earlier hour. "Relying on those notices and those settings," Long
reasoned that it would have been unnecessary and "a waste of time" to file a response to Yurrick's
no-evidence motion "because trial will have started and concluded before the summary judgment
is heard." In the alternative, "if the court is inclined to even entertain the no evidence motion for
summary judgment," Long orally requested a continuance "so we can supply the court with
the evidence to oppose the no evidence motion for summary judgment." Long later added that
"we have been unduly surprised and prejudiced by the idea of having to hear the no evidence
motion for summary judgment prior to its setting." Long further indicated his readiness to go to
trial the following morning. In reply, Yurrick emphasized the requirements of rule 166(a)(i) and the
consequences of a non-movant failing to file a response.

 After hearing argument, the district court granted Yurrick's no-evidence
motion, signing an order to that effect, and orally denied Long's request for a continuance. Long
subsequently filed a motion for new trial, which was denied by written order following a hearing,
and then appealed.

 On appeal, Long does not assert that the district court abused its discretion in denying
his oral motion for continuance. Similarly, Long does not contend that he was entitled to leave to
file a late response; indeed, there is no indication in the record that he ever requested such leave or
filed a late response. Instead, Long relies on the complaint that he did not receive proper notice
of the November 17, 2009 "summary-judgment hearing." (1) In his first issue, Long argues that this
asserted failure violated Texas Rule of Civil Procedure 166a. Assuming without deciding that
the district court's decision to grant the motion one day early violated rule 166a, Long has not
shown any harm from the error. Rule 166a(i), as previously noted, placed the burden on Long to
file and serve a response not later than seven days prior to the summary-judgment hearing. He
undisputedly did not do so--and never did so--nor has he preserved any complaint that he should
have been entitled to do so after that deadline. In short, as matters stood as of the November 17,
2009 conference or hearing, the district court was already obligated to "grant the motion." See
Tex. R. Civ. P. 166a(i). In his appeal, Long does not suggest how the result would have been any
different if the district court had only waited until the following day to rule. See Tex. R. App. P.
44.1(a)(1). We overrule Long's first issue.

 In his second issue, Long argues that this "lack of timely, adequate notice" deprived
him of his procedural due-process rights "to be heard." Due process requires, at a minimum, notice
and an opportunity to be heard at a meaningful time and in a meaningful manner. Texas Integrated
Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc., 300 S.W.3d 348, 363 (Tex. App.--Dallas
2009, pet. denied). Long had both.

 Due process does not require an oral hearing on a motion for summary judgment, but
notice of hearing or submission of the motion is required. Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998) (per curiam). The reason that notice of hearing or submission
of the motion is mandatory is because the hearing date determines the time for response to the
motion. Id. The Texas Rules of Civil Procedure contemplate that a party may be required to file a
response to a motion for summary judgment in as little as fourteen days from the time he is served
with the opposing party's motion. See Tex. R. Civ. P. 166a(c); Reedy v. Webb, 113 S.W.3d 19, 26
(Tex. App.--Tyler 2002, pet. denied). As of the district court's November 17, 2009 ruling, Long
had been provided twenty days from the date of the district court's hearing notice to file a response
to a no-evidence motion with which he had been served over seventy days earlier. We conclude
that Long had a reasonable opportunity to respond to Yurrick's motion and was not deprived of
notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Cf. Texas
Integrated Conveyor Sys., Inc., 300 S.W.3d at 362-65 (holding non-movant deprived of due process
when court granted summary judgment before response was due based on scheduled hearing date).
Moreover, the record reflects that any injury to Long resulted not from the lack of a reasonable
opportunity to respond, but from a calculated decision not to respond in the view that a response was
unnecessary. We overrule Long's second issue.

 Having overruled Long's issues on appeal, we affirm the district court's judgment. 



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 25, 2010


 
1. In one portion of his brief, Long also seems to complain that he did not receive a full
21 days' notice of the originally scheduled November 18, 2009 summary-judgment hearing because
the district court served notice of the hearing by fax on October 28. Applying rule 21a's proviso
that "[w]henever a party has the right or is required to do some act within a prescribed period
after the service of a notice or other paper upon him and the notice or paper is served upon
him by mail or by telephonic document transfer, three days shall be added to the prescribed period,"
Tex. R. Civ. P. 21a, Long reasons, "[t]he earliest possible date Appellee's no evidence motion for
summary judgment could have been set for hearing would have been November 21, 2009,"
a Saturday, making the earliest proper hearing date the following Monday, November 23. See id.
R. 4. As Yurrick points out, however, there is no indication in the record that Long ever raised this
complaint in the district court, see Tex. R. App. P. 33.1(a), and, to the contrary, the reporter's record
from the November 17 proceeding reflects that Long conceded the timeliness of notice of the
November 18 hearing. Additionally, even assuming that the proper hearing date for the summary-judgment motion was Monday, November 23, it remains that Long had still failed to file a response
by seven days prior to that date, November 16.