**Opinion issued June 10, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

————————————————

### NO. 01-13-00588-CV

————————————————

### STEVE MERRITT AND HEATHER MERRITT, Appellants

### V.

### LAKE CONROE HEIGHTS PROPERTY OWNERS ASSOCIATION, INC., Appellee

---

### On Appeal from the 359th District Court
### Montgomery County, Texas[1]
### Trial Court Case No. 12-07-07193-CV

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

## MEMORANDUM OPINION

Steve and Heather Merritt seek reversal of the trial court's grant of summary judgment in favor of Lake Conroe Heights Property Owners Association, Inc. (the Association) and the denial of their motion for new trial.

The Association sued the Merritts seeking damages and an order enjoining the Merritts from using their property for short-term rentals in violation of certain deed restrictions. The Association moved for summary judgment on its breach of deed restriction claim, noticed the motion for submission without oral argument on March 20, 2013, and mailed copies of the motion and notice to the Merritts's counsel by certified mail/return receipt requested on February 22, 2013. The Merritts's counsel did not receive the certified mail until March 13, 2013—one week prior to the submission date. The motion was not filed with the court until the following day, March 14, 2013.

The Association's motion for summary judgment was granted on March 20, 2013. The Merritts's timely motion for new trial was overruled by operation of law.

The Merritts argue that the trial court's summary judgment in favor of the Association was error because they did not receive twenty-one days' notice of the motion's submission pursuant to Rule 166a. *See* TEX. R. CIV. P. 166a(c) (governing summary judgment motions and providing that, "[e]xcept on leave of

court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing"); *see also Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam) (stating that under Rule 166a "[n]otice of hearing or submission of a summary judgment motion . . . is required" because "[t]he hearing date determines the time for response to the motion" and "without notice of hearing, the respondent cannot know when the response is due."). The Association concedes this point and asks this Court to reverse the trial court's judgment and remand the case for further proceedings. Because both parties are asking this Court to reverse and remand for further proceedings, we will oblige.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.