In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00360-CV
_____

IN RE GREG GRAHAM AND LINDA M. DELANEY

_____

Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 20-11-13701-CV

_____

MEMORANDUM OPINION

In this mandamus action, Greg Graham and Linda M. Delaney seek

to compel the judge of the 457th District Court of Montgomery County to

rule on three motions that were timely filed before the case goes to trial,

which when the petition was filed was December 5, 2022.[1] The trial court

---

[1]After the petition was filed, the trial court rescheduled the trial for April 3, 2023. But in response to the mandamus, the trial court has chosen to file a response in this proceeding in which it clearly takes the position that the instructions on its website are the equivalent of court orders. For that reason, questions about whether the court's practice in viewing procedures on its website as orders is proper are likely to recur, so we have decided to address the issue here.

has now ruled on one of these motions, a supplemental motion to exclude expert testimony, so the petition as to that motion is now moot. But as to their other two motions, they contend the trial court abused its discretion by refusing to rule on their timely filed motions for summary judgment even though they served notice on the opposing party that their motions would be heard in August 2022 without the necessity of an oral hearing.

The proper objective of Texas Rules of Civil Procedure "is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . with as great expedition and dispatch and the least expense both to the litigants and to the state as may be practicable[.]"[2] Because the trial court refused to rule on the relators' timely-filed motions, and because the real parties in interest were notified that the trial court could decide the motions without conducting an oral hearing, we find the trial court abused its discretion by refusing to rule on the motions as required by Texas Rules of Civil Procedure. For the reasons explained below, we will conditionally grant the relators' request for relief.[3]

---

[2]Tex. R. Civ. P. 1.

[3]We express no opinion on the merits of the relators' respective motions.

## Background

Relators Greg Graham and Linda M. Delaney complain the trial court abused its discretion in failing to rule on their motions for summary judgment. In July 2022, Graham and Delaney served Prestige Custom Homes' attorney with their respective motions for summary judgment. In August 2022, Graham and Delaney served Prestige Custom Homes' attorney with a notice of hearing on their motions for summary judgment. These two notices state the motions for summary judgment "will be submitted to the court for a ruling without the necessity of a hearing." On September 2 the attorney for Graham and Delaney followed up with an email to the court's court coordinator, asking her whether the trial court had ruled on the motions. The email also mentions the motions had been noticed as being set for submission on the submission docket for August 19. That same day the court coordinator responded to the attorney's email as follows: "Those are being reviewed currently. Please check back maybe next week for a ruling."

On September 12 and 29, Delaney's attorney followed up with additional emails, asking the court coordinator whether the trial court

3

had ruled on the three motions set for submission as of August 19. The mandamus record does not show there was any response.

In this proceeding, the real party in interest, Prestige Custom Homes Company, argues the trial court did not abuse its discretion in refusing to rule on the motions at issue because the attorney representing Graham and Delaney failed to properly request a hearing on the motions by the deadline required in the trial court's docket control order. The docket control order states that "motions for summary judgment shall be set for a submission docket" no later than 30 days before trial. But Prestige Custom Homes' argument lacks merit because the record shows that on September 2, the trial court reset the case for a trial on December 5. Thus, the hearings Graham and Delaney requested the trial court conduct on their motions did not violate the trial court's docket control order because they put the matters on the trial court's submission docket more than 30 days before the scheduled trial.

The respondent in this proceeding, Judge Vincenzo J. Santini, also responded to Graham's and Delaney's petition for mandamus by filing an "Order" in Trial Cause Number 20-11-13701-CV. After signing that order, Judge Santini forwarded the Order to this Court. In his order,

4

Judge Santini explains that the court's website contains what he describes as orders for setting motions by submission. As he describes the website, he says the website requires the movant to "call or email the [trial court] to get an available hearing date." An exhibit attached to Judge Santini's order refers to pending motions and advises: "If it has been more than 7 days since a motions submission or hearing and you have received no ruling, please email one of the Coordinators (give them the cause number and matter for which you need a ruling)." The exhibit contains information posted and available to parties on the court's website and states that motions for summary judgment must be scheduled on the submission docket, which occurs on Fridays at 9:00 a.m. The notice then states: "Please call or email to set a case on these dockets. Please do not send a notice of submission or hearing without prior confirmation from the Court."

Judge Santini's order explains he refused to rule on Graham's and Delaney's timely-filed motions for summary judgment because their attorney violated the court's "standing order" when the attorney "failed to contact the [trial court coordinator] to obtain an available hearing date" on the motions they are complaining of here. In further

5

explanation, the trial court adds that Graham's and Delaney's attorney "apparently tried to piggy back his clients' Motions on the same day [Prestige Custom Homes, the plaintiff] had properly set its Motions for Summary Judgment with the Court." Judge Santini concludes he didn't rule on Graham's and Delaney's motions "because they have not been properly set." Finally, the trial court urges this Court to consider sanctioning the attorney representing Graham and Delaney for what he considers the filing of a groundless petition complaining of his failure to rule.

Analysis

From the mandamus record, it is apparent that Graham's and Delaney's attorney filed notices of submission on the motions without first contacting the trial court's court coordinator, by email or by telephone, noticing their motions for summary judgment would be heard on the trial court's submission docket. By failing to obtain the court's permission to add them to the submission docket, the relator's attorney failed to comply with the information posted on the court's website about how hearings on submission are supposed to be scheduled, meaning

6

attorneys are asked to "please" not send a notice of submission or hearing without "prior confirmation from the Court."

Yet as to confirmation, the record shows that the trial court's court coordinator told Graham's and Delaney's attorney in an email after he failed to follow the above procedure that the motions his client filed were "being reviewed currently" and to "check back maybe next week for a ruling." And in subsequent emails from the attorney inquiring about whether the trial court had acted on the motions, the record shows the court coordinator did not respond to further emails, nor did the court coordinator—who presumably would have been aware of the trial court's internal procedures—notify the attorney that the court would not consider the motions because he had failed to comply with a statement on the court's website asking the parties to "please" not send a notice of submission or hearing without "prior confirmation from the Court," a procedure that differs from that required by the Texas Rules of Procedure to obtain a ruling from a trial court on a motion without a hearing.

Importantly, even after the trial court knew the motions had been filed and that the movants were awaiting rulings, the trial court refused to consider and rule on the motions for summary judgment. Instead, after

the Petition for Mandamus was filed, the trial court ruled that the motions for summary judgment were not being considered on the submission docket because the movants' attorney failed to call the court before filing his notice of submission, which the trial court ruled was a failure to comply with the trial court's directive outlined on the court's website. That said, the result of the trial court's refusal to rule on the motions in essence forfeits a party's right to obtain a ruling on the merits of dispositive motions that, if meritorious, would allow the parties and the trial court to avoid the expense and time consumed by a trial.

Trial courts have a ministerial duty to rule on properly filed motions within a reasonable time after a motion is submitted to the court or after the party has requested a ruling.[4] In this case, the motions for summary judgment were both properly filed. And even though the attorney for the relators failed to contact the court coordinator before sending the notices of submission, as the trial court website indicates is the court's preference, the attorney for the relators informed the court coordinator (more than once) that the motions had been filed after he

---

[4]*Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

filed the notices and submitted the motions for hearing. He also asked the court coordinator when he could expect rulings. The court coordinator didn't tell the attorney the trial court would not hear or consider the motions because the attorney had not complied with the procedures posted on the court's website. Rather, the information she gave the attorney was that the motions were being reviewed.

Regardless of what the attorney was told by the court coordinator, Judge Santini's language on the court's website instructing parties to please call the court before sending a notice of a motion that is to be heard by submission is ambiguous, conveys only a directive, and is not an order of the court. Moreover, the court's directive doesn't explain that the penalty for the party's failure to comply with the court's directive, which apparently is that the party's timely-filed motion will never be heard even when the party follows up and notifies the court that the party is seeking to obtain a ruling on its motion. Nothing on the court's website explains that a failure to comply with the court's directive will be treated as a waiver of a right to a hearing under the Texas Rules of Civil Procedure or under the Local Rules of Montgomery County for setting a

9

hearing on a properly filed motion.[5] Neither of these Rules require a party to obtain the permission of a court before setting the date on which a motion is to be decided by submission, likely because parties are not entitled to attend the "hearing" when trial courts decide motions by submission.

While trial courts have wide discretion to manage their dockets,[6] the trial court elevated its directive in this case above the important substantive rights of litigants in obtaining rulings on timely-filed motions under the Texas Rules of Civil Procedure even after the court was aware that the motions were properly filed and that the parties were awaiting rulings from the court. We conclude that by failing to issue

---

[5]Tex. R. Civ. P. 166a(c) (requiring 21-days' notice for summary judgment hearings); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding notice of the hearing date on a motion for summary judgment is required but explaining the trial court is not required to conduct an oral hearing on the motion because the motion and the response must be supported by exhibits and not oral testimony adduced in the hearing); Montgomery County Local Rule 3.7 B — **Submission** ("Motions shall state a date of submission which shall be at least 10 days from filing, except on leave of court, the motion will be submitted to the court upon that date.").

[6]*Coe v. Weller, Green, Toups & Terrell, LLP*, No. 09-18-00365-CV, 2020 Tex. App. LEXIS 9240, at *22 (Tex. App.—Beaumont Nov. 25, 2020, pet. denied) (mem. op.).

substantive rulings on the relators' motions for summary judgment, the trial court abused its discretion.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss.[7] A party's failure to obtain a substantive ruling on a motion for summary judgment may result in waiver of the issue on appeal.[8]

In this case, the relators lack an adequate remedy by appeal because they have a right to a substantive ruling on motions that would, should they be granted, avoid the time, expense, and necessity of a trial for both the parties and the state.

We hold the trial court abused its discretion in refusing to rule on the merits of Graham's and Delaney's motions for summary judgment.[9] We further conclude they do not have an adequate remedy through an

---

[7]*In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

[8]*See* Tex. R. App. P. 33.1.

[9]As previously noted, the trial court ruled on Graham's First Supplement to Motion to Exclude Expert Testimony from Prestige Custom Homes' Expert Witness after the Petition for mandamus was filed. For that reason, that part of the petition is moot.

11

appeal. We are confident the trial court will promptly rule on the merits of the pending motions. A writ of mandamus shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 18, 2022
Opinion Delivered December 8, 2022

Before Golemon, C.J., Horton and Johnson, JJ.