

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00262-CV

STEPHEN PATRICK BLACK, APPELLANT

V.

CHRISTIAN CRUZ, APPELLEE

On Appeal from County Court
Lamb County, Texas
Trial Court No. CC-3443, Honorable James M. DeLoach, Presiding

July 8, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, filed a negligence suit against Appellee, Christian Cruz, a security officer/technician employed by Management and Training Corporation, for inappropriately conducting a penile plethysmograph test (PPG)[1] which resulted in "false positives." Both sides filed traditional motions for summary judgment.

---

[1] A PPG test measures an individual's arousal to external stimuli and is used to evaluate the continued need for civil commitment. The data collected from the test is included in the expert's biennial examination and is provided to the trial court as well as other parties.

The trial court granted Cruz's motion and denied Black's motion. By his original and reply brief, Black presents four issues challenging the trial court's order as follows:

(1) Did Cruz owe him a legal duty, and if so, what type?

(2) Did Cruz breach that duty assumed by contract, and if so, how?

(3) Did Cruz's breach of duty damage him, and if so, how?

(4) Did the trial court commit reversible error in granting Cruz's motion for summary judgment, when it failed to provide notice of a submission hearing and allow him a timely opportunity to respond in opposition pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure?

We reverse and remand.

## BACKGROUND

Black has been committed in the Texas Civil Commitment Center in Lamb County, Texas, since 2016, pursuant to the Sexually Violent Predators Act.[2] The Act requires a committed individual to receive a biennial examination. TEX. HEALTH & SAFETY CODE ANN. § 841.101(a). The Texas Civil Commitment Office (TCCO) contracts with an expert to perform that examination. *Id.* The report from that examination is then provided to the trial court for use in its biennial review of the committed individual's status.[3] §§ 841.101(b), 841.102(a).

According to the PPG Assessment Manual, its purpose is to provide a standardized protocol for the technician to administer the test. Steps 12 and 13 of the

---

[2] TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151.

[3] A "biennial examination" and a "biennial review" are different matters with the former conducted by an expert and the latter by the trial court.

manual contemplate that the TCCO client is responsible for placing the gauge on himself and, if any sensor readings do not appear normal, the technician may instruct the client over an intercom to make necessary adjustments.

According to Black, he was scheduled for a PPG test in November 2019. He created a consent form, allegedly to protect his civil rights, which Cruz refused to sign. The test was rescheduled for December 2019, and Black asserts he was threatened with punishment if he presented another consent form for Cruz to sign. Black claimed that Cruz instead provided his own consent form for Black to sign which did not warn him that he might have to re-calibrate the equipment himself during the PPG test.

Black maintained that during the test, Cruz asked him several times to re-calibrate certain electronic equipment which he was not trained to do, and which resulted in malfunctioning and "false positives." He also alleged that Cruz failed or refused to inform the person who would be interpreting the data from the test results that the equipment malfunctioned during the re-calibrations. He sued Cruz in Justice Court alleging a duty to follow proper procedures was breached and resulted in dissemination of "error ridden raw data to numerous third parties," causing him injury. The case was resolved against him on Cruz's *Motion for Summary Disposition*.

Black appealed to County Court alleging negligence by Cruz in the administration of the PPG test and sought monetary damages. He filed his motion for summary judgment on January 4, 2023. Cruz filed his competing motion on April 7, 2023, and six days later, on April 13, 2023, without notice of submission to the parties as required by

3

Rule 166a(c) of the Texas Rules of Civil Procedure, the trial court signed an order in favor of Crus and dismissed Black's claims with prejudice.[4]

### APPLICABLE LAW

Pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, a summary judgment motion and supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. TEX. R. CIV. P. 166a(c). Except on leave of court, an adverse party has seven days prior to the day of the hearing to file and serve opposing affidavits or a written response. *Id.* Notice of submission is mandatory and essential and because summary judgment is a harsh remedy, the notice provisions of Rule 166a(c) are strictly construed. *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 183 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

### SUMMARY JUDGMENT STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316–17 (Tex. 2019). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 259 (Tex. 2018); *Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion for summary judgment and denies the other the reviewing court considers the summary judgment evidence presented by both sides, determines all questions

---

[4] Black was not timely notified of the judgment entered against him. He successfully appealed the trial court's denial of his motion under Rule 306a of the Texas Rules of Civil Procedure to have the deadline in which to file his notice of appeal reset. *See Black v. Cruz*, No. 07-23-00262-CV, 2024 Tex. App. LEXIS 1160, at *3 (Tex. App.—Amarillo Feb. 6, 2024, order).

presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *Seabright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641–42 (Tex. 2015). Neither party can prevail because of the failure of the other to discharge its burden. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (1954).

## ANALYSIS

We begin with issue four as it is dispositive of this appeal. Black asserts the trial court committed reversible error by failing to provide him with notice of submission of the motions for summary judgment.[5] We agree.

Notice is "[a]n elementary and fundamental requirement of due process." *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Such notice must be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Our rules of civil procedure prescribe guidelines to ensure the parties receive notice and a meaningful opportunity to be heard. *B. Gregg Price, P.C.*, 661 S.W.3d at 423. A motion for summary judgment must be served on the opposing party at least twenty-one days before the time specified for a hearing. TEX R. CIV. P. 166a(c). Notice

---

[5] Black recited in his motion for summary judgment that he had no objection to the motion being decided without a hearing; however, that is distinct from notice of submission of the motion which is mandatory under Rule 166a(c). *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (declaring that an oral hearing on a motion for summary judgment is not mandatory but notice of hearing or submission is required).

of a summary judgment hearing must inform the nonmovant of the exact date of hearing or submission. *Martin*, 989 S.W.2d at 359. A trial court errs when it grants summary judgment without notice of the hearing to the nonmovant. *B. Gregg Price*, *P.C.*, 661 S.W.3d at 423.

In the underlying case, the trial court signed an order granting Cruz's motion for summary judgment seven days after it was filed without notice of submission to the parties. Cruz urges that the lack of notice of submission to Black did not result in any prejudice. He defends his position by invoking the de novo standard of review and points out that Black submitted his response and objections to the competing motion.[6] Thus, as part of the record, Cruz contends Black's responsive evidence is subject to de novo consideration, and Black has not been prejudiced.

Cruz misses the point. De novo review in an appeal from a summary judgment conceives that the trial court complied with procedural due process. Without notice of the exact date of submission, the trial court errs in granting summary judgment. *Martin*, 989 S.W.2d at 359. Additionally, Black had no opportunity to timely file a motion for new trial per Rule 329b(a) of the Texas Rules of Civil Procedure to complain of the lack of notice as he did not receive notice of the trial court's order until June 15, 2023, more than thirty days after the order was signed. *See Black*, 2024 Tex. App. LEXIS 1160 at *3 (resetting appellate timetable after appeal of denial of motion under Rule 306(a) of the Texas Rules of Civil Procedure). *Cf. B. Gregg Price*, *P.C.*, 661 S.W.3d at 421 (holding that trial court's

---

[6] Black's *Plaintiff's Sworn Motion-Reply Opposing Defendant's Motion for Summary Judgment* presents a quandary. He acknowledges it was filed in response to Cruz's motion for summary judgment filed on April 7, 2023; however, it is stamped throughout as being filed on January 4, 2023, the same date that Black filed his motion for summary judgment and months before Cruz actually filed his motion.

6

unilateral action in moving a canceled hearing to its submission docket without notice and the subsequent denial of a motion for new trial was a denial of due process). In the underlying case, the error in failing to give notice of submission was compounded by the failure to inform Black that an order had been entered on April 13, 2023. *Id.*

We conclude Black's due process rights were violated when the trial court entered the order in favor of Cruz without timely notice of submission. Thus, we do not reach a de novo review of the trial court's order. Issue four is sustained. Issues one, two, and three are pretermitted.

## CONCLUSION

The trial court's summary judgment is reversed, and the cause is remanded for further proceedings in compliance with Rule 166a(c) of the Texas Rules of Civil Procedure.[7]

Alex Yarbrough
Justice

---

[7] Generally, this Court renders the judgment the trial court should have rendered when error is presented in a review of competing motions for summary judgment. *Lopez*, 465 S.W.3d at 641–42. Here, however, because Black was denied due process, we do not reach the merits of either motion.