

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00261-CV

STEPHEN PATRICK BLACK, APPELLANT

V.

AMY CURTIS, MTC LAW LIBRARY ATTENDANT, APPELLEE

On Appeal from County Court
Lamb County, Texas
Trial Court No. CC-3442, Honorable James M. DeLoach, Presiding

July 8, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, filed a negligence suit against Appellee, Amy Curtis, Law Library Attendant for the Management and Training Corporation, for refusing to print legal documents he allegedly needed for a court deadline. Both sides filed traditional motions for summary judgment. The trial court granted Curtis's motion and denied Black's motion. By his original and reply brief, Black presents four issues challenging the trial court's order as follows:

(1) Did Curtis owe him a legal duty, and if so, what type?

(2) Did Curtis breach that duty assumed by contract, and if so, how?

(3) Did Curtis's breach of duty injure him, and if so, how?

(4) Did the trial court commit reversible error in granting Curtis's motion for summary judgment, when it failed to provide notice of a submission hearing and allow him a timely opportunity to respond in opposition pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure?

We reverse and remand.

## BACKGROUND

Black has been committed in the Texas Civil Commitment Center (TCCC) in Lamb County, Texas, since 2016, pursuant to the Sexually Violent Predators Act.[1] Curtis is the law library attendant for the Management and Training Corporation (MTC), a private corporation which operates the TCCC. MTC establishes guidelines for providing committed clients with law library access for preparation of legal materials as well as recreational reading. Per its standard operating practices, clients may submit a request for copies of original materials and unless indigent, clients are billed at a specified rate.

According to the record, on June 24, 2021, Black was in the law library and at approximately 11:20 a.m., he submitted a request form for Curtis to print copies of a legal document he needed for a court deadline. She refused to do so until she could verify his indigent status. He "pleaded" with her for approximately five minutes to provide the copies and she again refused.

---

[1] TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151.

In her affidavit, Curtis averred Black's name was not included on the indigency list on the day he requested the copies. On that same date at 11:28 a.m., she emailed the person in charge of the indigency list and inquired about Black's status.[2] Curtis received a response at 1:25 p.m. indicating a mistake had been made and to add Black to the indigency list.

According to Black, Curtis filed a retaliatory incident report alleging he created a disturbance in violation of law library policy. In the report, Curtis claimed she asked Black to complete a form requesting copies which she would provide but he left "still ranting and raving." In response, Black filed a Step 1 Grievance Form disputing that he had caused a disturbance. His grievance recited that security was not called to escort him from the library and that video surveillance would support his version of events. Disciplinary action resulting from the incident report required him to wear a GPS monitor for four months or face a felony charge if he refused. He successfully appealed the incident report, and the GPS monitor was removed.

Black sued Curtis for negligence in Justice Court but the case was resolved against him on Curtis's *Motion for Summary Disposition*. He appealed to County Court alleging Curtis breached a duty owed to him which resulted in foreseeable injuries and cruel and unusual punishment by requiring him to wear a GPS monitor for months, having to charge it twice a day, and restricting commissary orders for thirty days. He sought monetary damages for his alleged injuries.[3]

---

[2] Black had been on the Indigency List previously, but Curtis did not have the ability to determine if his status had changed.

[3] His original claim was followed by three supplemental complaints.

Black filed his motion for summary judgment on January 24, 2023, and Curtis filed her competing motion on March 24, 2023. Before the expiration of twenty-one days required by Rule 166a(c) of the Texas Rules of Civil Procedure, the motions were submitted without notice or a hearing. On April 10, 2023, the trial court granted Curtis's motion for summary judgment and denied Black's motion. The trial court also ordered that Black take nothing by his claims against Curtis and dismissed the case with prejudice.[4]

## APPLICABLE LAW

Pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, a summary judgment motion and supporting affidavits shall be filed and served *at least twenty-one days* before the time specified for hearing. TEX. R. CIV. P. 166a(c). Except on leave of court, an adverse party has seven days prior to the day of the hearing to file and serve opposing affidavits or a written response. *Id.* Notice of submission is mandatory and essential and because summary judgment is a harsh remedy, the notice provisions of Rule 166a(c) are strictly construed. *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 183 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

## SUMMARY JUDGMENT STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316–17 (Tex. 2019). When both parties move for summary judgment, each party

---

[4] Black was not timely notified of the judgment entered against him. He successfully appealed the trial court's denial of his motion under Rule 306a of the Texas Rules of Civil Procedure to have the deadline in which to file his notice of appeal reset. *See Black v. Curtis*, No. 07-23-00261-CV, 2024 Tex. App. LEXIS 1142, at *2–3 (Tex. App.—Amarillo Feb. 6, 2024, order).

bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 259 (Tex. 2018); *Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion for summary judgment and denies the other the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *Seabright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641–42 (Tex. 2015). Neither party can prevail because of the failure of the other to discharge its burden. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (1954).

## ANALYSIS

We begin our analysis with issue four as it is dispositive of this appeal. Black asserts the trial court committed reversible error by failing to provide him with notice of submission of the motions for summary judgment and in denying him the opportunity to respond to Curtis's motion.[5] We agree.

Notice is "[a]n elementary and fundamental requirement of due process." *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Such notice must be "reasonably calculated under all the circumstances to

---

[5] Black recited in his motion for summary judgment that he had no objection to the motion being decided without a hearing; however, that is distinct from notice of submission of the motion which is mandatory under Rule 166a(c). *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (declaring that an oral hearing on a motion for summary judgment is not mandatory but notice of hearing or submission is required).

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Our rules of civil procedure prescribe guidelines to ensure the parties receive notice and a meaningful opportunity to be heard. *B. Gregg Price*, *P.C.,* 661 S.W.3d at 423. A motion for summary judgment must be served on the opposing party at least twenty-one days before the time specified for a hearing. TEX R. CIV. P. 166a(c). Notice of a summary judgment hearing must inform the nonmovant of the exact date of hearing or submission. *Martin*, 989 S.W.2d at 359. A trial court errs when it grants summary judgment without notice of the hearing to the nonmovant. *B. Gregg Price*, *P.C.*, 661 S.W.3d at 423 (holding that trial court's unilateral action in moving a canceled hearing to its submission docket without notice and the subsequent denial of a motion for new trial was a denial of due process).

In the underlying case, the trial court signed an order granting Curtis's motion for summary judgment without notice of submission on April 10, 2023, seventeen days after the motion was filed. Black did not file his response to Curtis's motion until April 25, 2023, unaware an order had already been signed.

Black was denied the opportunity to file his response per Rule 166a(c) until after the trial court entered its order. Curtis attempts to justify the lack of notice of submission by invoking the de novo standard of review applicable in appeals from summary judgments. She reasons this Court will nevertheless consider all summary judgment evidence submitted, including Black's untimely response because it is part of the record. We concur that when the trial court grants one motion for summary judgment and denies

6

the other, the reviewing court may consider evidence presented by both sides. *Lopez*, 465 S.W.3d at 641–42. However, a reviewing court may only consider evidence that was before the trial court when it rendered its judgment. *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.). Black's response was not before the trial court when it entered its order. Thus, this Court would not have been able to conduct a de novo review of Black's response due to no fault of his own.

De novo review in an appeal from a summary judgment conceives that the trial court complied with procedural due process. In *B. Gregg Price*, *P.C.*, 661 S.W.3d at 421, a motion for new trial was filed complaining of the failure to receive an amended notice of the hearing on the motion for summary judgment. In the underlying case, however, Black had no opportunity to timely file a motion for new trial per Rule 329b(a) of the Texas Rules of Civil Procedure as he did not receive notice of the trial court's order until June 15, 2023, more than thirty days after the order was signed. *See Black*, 2024 Tex. App. LEXIS 1142, at *3. Thus, the error in failing to give notice of submission was compounded by the failure to inform Black that an order had been entered on April 10, 2023, which resulted in this Court resetting the appellate timetable. *Id.*

We conclude Black's due process rights were violated when the trial court entered the order in favor of Curtis without timely notice of submission. Thus, we do not reach a de novo review of the trial court's order. Issue four is sustained. Issues one, two, and three are pretermitted.

7

## CONCLUSION

The trial court's summary judgment is reversed, and the cause is remanded for further proceedings in compliance with Rule 166a(c) of the Texas Rules of Civil Procedure.[6]

Alex Yarbrough
Justice

---

[6] Generally, this Court renders the judgment the trial court should have rendered when error is presented in a review of competing motions for summary judgment. *Lopez*, 465 S.W.3d at 641-42. Here, however, because Black was denied due process, we do not reach the merits of either motion.