In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00258-CV
_____

ROLAND LANDSCAPE CREATIONS LLC
AND JAMES ROLAND MARTINEZ, Appellants

V.

TOM COBB AND BOBBIE COBB, Appellees

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 18-10-13489-CV

**MEMORANDUM OPINION**

Roland Landscape Creations, LLC and James Roland Martinez appeal a final summary judgment granted in favor of the Tom and Bobbie Cobb ("the plaintiffs" or the Cobbs). Because the plaintiffs' summary-judgment evidence doesn't conclusively establish they had the right to prevail on the claims they raised in their motion, we will reverse and remand.

1

## Background

In January 2018, Roland Landscape LLC ("RLC") agreed to design and then execute a landscaping plan on a lot owned by Tom and Bobbie Cobb in Spring, Texas. The parties don't disagree that RLC partially completed the work to landscape their lot, but they disagree about whether the evidence conclusively proves what the terms of the agreement were and the damages resulting from any breach. The Cobbs claimed that RLC agreed to execute the landscaping plan based on the terms in two written agreements, a contract dated January 29, 2018, and a later agreement for more work, dated April 5, 2018. Neither agreement was ever signed by a representative of RLC.

The Cobbs alleged the written contracts required RLC to complete its work on the project for $56,010. The Cobbs also claimed they paid RLC $54,810 toward completing the work, but that RLC and James Martinez abandoned the job before it was complete. According to Bobbie Cobb, in April 2018 she made the last of the payment that make up the total they paid to RLC when she paid RLC an additional $9,800 to work on the project when James Martinez told her RLC needed more money to "keep the project moving."

After RLC quit the project, Bobbie determined it would cost the Cobbs $25,837 to finish landscaping their lot. Bobbie based her estimate on an estimate she got from a contractor.

For its part, RLC acknowledges that in January 2018, it presented the Cobbs with an initial written proposal to landscape their lot. According to RLC, the Cobbs did not accept RLC's proposal, but instead made a counterproposal, which added more terms to the agreement on which the parties never mutually agreed. Additionally, RLC notes it never signed the Cobbs' counterproposal or the subsequent order of April 2018 authorizing more work. RLC also attributed any delays on the project to the Cobbs, whom RLC claims controlled RLC's ability to access the Cobbs' lot. Still, RLC agrees the Cobbs paid RLC $45,810 toward the work it completed on the Cobbs lot.

In October 2018, the Cobbs sued RLC and Martinez, alleging they failed to complete the work required under the January and April 2018 writings discussed above. Several months later, the Cobbs filed their First Amended Petition asserting the defendants were liable to them on six claims. In the amended petition, the Cobbs alleged the defendants (1) breached the landscape contract; (2) withheld money that rightfully

3

belonged to the Cobbs—a theory of money had and received; (3) breached a trust agreement, which the Cobbs alleged is in the January 2018 agreement; (4) breached their fiduciary duties to properly manage, supervise, and safeguard the funds the Cobbs advanced on the project; (5) violated Chapter 134 of the Civil Practice and Remedies Code—The Texas Theft Liability Act—by unlawfully appropriating the Cobbs' property; and (6) misrepresented or failed to disclose material facts about the payments RLC received on the project, which the Cobbs alleged amounted to fraud. The Cobbs also sued the defendants for reasonable and necessary attorney's fees.

In July 2020, the Cobbs moved for summary judgment on three of these claims, their claims for breach of contract, fraud, and their claim under the Texas Theft Liability Act.[1] The Cobbs used the following evidence to support their motion:

- The Declaration of Bobbie Cobb.
- The unsigned agreement RLC sent the Cobbs, which Tom Cobb signed January 2018.

---

[1]Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-.005.

4

- The April 2018 change order for more work, which is unsigned.

- Copies of checks written by the Cobbs payable to RLC and to a business named Big Chuck's.

- A Declaration signed by the Cobbs' attorney, the attorney's resume, and itemized invoices from the attorney's firm.

The trial court set the motion for hearing by submission on August 7, 2020.[2] Three days before August 7, an attorney for the defendants filed a motion to abate the hearing or to continue the hearing and alleged defendants, according to their attorney, had not received the required twenty-one days' notice of the summary-judgment hearing.[3]

On August 8, the trial court granted the Cobbs' motion and denied the defendants' motion, which asked the court to put off the hearing. The judgment granting the Cobbs' motion states the trial court grants the "Plaintiffs' motion in its entirety."

---

[2]*See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (noting oral hearings on motions for summary judgment are not mandatory).

[3]Tex. R. Civ. P. 166a(c).

The trial court's judgment awards the Cobbs nearly $26,000 in actual damages, $1,000 in damages for civil theft, approximately $52,000 in exemplary damages, and around $13,000 in attorney's fees. And even though the Cobbs' motion addressed only three of the plaintiffs' six theories of recovery, the judgment makes it clear that the trial court intended its judgment to be final.[4] Defendants timely moved for new trial, but the trial court allowed the defendants' motion to be overruled by operation of law.[5]

RLC and Martinez appealed. They raise seven issues in their brief. On appeal, RLC and Martinez argue the trial court erred in granting the Cobbs' motion because:

(1) They weren't provided the required twenty-one days' notice of the hearing on the Cobbs' motion for summary judgment;

(2) The Cobbs failed to conclusively prove what the terms of the parties' agreement required RLC and Martinez to do;

(3) The Cobbs failed to conclusively prove what amounts they were entitled to recover in damages;

---

[4]The judgment states "[t]his is a final, appealable order, disposing of all parties and all claims." So even though the trial court erred in giving the Cobbs a judgment that granted them more relief than they asked for, the judgment is still considered final for the purposes of whether it could be appealed. *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding).

[5]Tex. R. Civ. P. 329b(c), (e).

6

(4)     The Cobbs' summary judgment evidence isn't conclusive on their claims because even though not contradicted, it isn't clear, positive, direct, otherwise credible, and free from contradictions and inconsistencies;

(5)     As RLC's agent, Martinez isn't jointly and severally liable for the damages the trial court awarded against RLC;

(6)     The trial court granted relief on claims the Cobbs did not include in their motion; and

(7)     The trial court erred by awarding the Cobbs exemplary damages on their breach of contract claim.

Standard of Review

To prevail on their motion, the Cobbs had the burden to prove that no genuine issues of material fact existed on the claims they raised in their motion for summary judgment, such that they were entitled to judgment as a matter of law.[6] We review the trial court's ruling granting the Cobbs' motion de novo.[7] We take as true all evidence favorable to RLC and Martinez, and we indulge every inference and resolve any doubts in their favor.[8]

---

[6]*See id*. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).
[7]*See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).
[8]*Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022).

7

The trial court's ruling for the Cobbs depends on its conclusion that the Cobbs' summary-judgment evidence conclusively proved all the elements on at least on one of the claims they raised in their motion.[9] When the trial court's judgment doesn't specify the grounds on which the motion is based, the party who appeals must negate each ground on which the judgment could have been based.[10]

Except for the evidence relevant to attorney's fees, the Cobbs filed just one sworn document to support their liability claims—Bobbie Cobb's Declaration. So the question is whether Bobbie's Declaration, when considered with the exhibits discussed above to support it, conclusively established the elements of at least one of the three liability theories on which the Cobbs moved for summary judgment. As to Bobbie's Declaration, the trial court's ruling "may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."[11] Even so,

---

[9]*See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022).
[10]*Id.*
[11]*City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

under well-settled Texas law: "Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case."[12]

Analysis

For convenience, we will address RLC's and Martinez's third and fourth issues first. In issue three, RLC and Martinez argue the Cobbs failed to conclusively prove the amount they are entitled to recover in damages. In issue four, the appellants argue the Cobbs' summary-judgment evidence isn't conclusive because Bobbie Cobb's Declaration isn't clear, positive, direct, otherwise credible, and free from contradictions and inconsistencies.

RLC and Martinez contend the Cobb's evidence is inconclusive and Bobbie's Declaration isn't credible for three reasons. First, they say the Cobbs failed to include the contractor's estimate that Bobbie relied on to state it will cost $25,837 to finish the work, which the Cobbs alleged RLC and Martinez promised and failed to provide.[13] Second, the appellants

---

[12]*Id.*
[13]Bobbie's Declaration references the estimate she obtained from a contractor as Exhibit 4, but the exhibit she referenced in her Declaration and swore she attached is not attached to her Declaration or to the Cobbs' motion for summary judgment.

9

argue the summary-judgment evidence doesn't conclusively prove that RLC and Martinez agreed to perform the work that Bobbie swore in her Declaration that RLC failed to complete. Third, the appellants argue the summary-judgment evidence fails to conclusively prove that RLC was paid $54,810 for its work on the project.

We agree with the appellants that the evidence is insufficient to conclusively prove what it will cost the Cobbs to complete the project. We also agree with RLC and Martinez that the evidence doesn't conclusively prove that RLC was paid $54,810, as Bobbie claimed.

We turn first to Bobbie's claim that it will cost the Cobbs $25,837 to complete RLC's work. Generally, opinion testimony isn't sufficient to "establish any material fact as a matter of law."[14] Bobbie based her opinion on an investigation she claims she conducted to determine what it "will cost to perform the unfinished work on our property." Bobbie didn't say from whom she obtained her estimate, whether she obtained more than one estimate, or whether the contractor or contractors she contacted were in the landscaping business. That said, there is no summary-judgment evidence showing she is qualified to express an

[14] *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

10

opinion about what the reasonable and necessary costs to complete the project might be. There is also no summary-judgment evidence from anyone qualified to testify about what it might cost to complete RLC's work. The Cobbs provided the trial court with no summary-judgment evidence to show the difference, if any, between the value of the work RLC agreed to perform under the terms of the January and April 2018 agreements (assuming without deciding those agreements are conclusive proof of the terms of the scope of RLC's work) and the value of the work RLC completed before it quit the project. Thus, the evidence did not establish the amount of the Cobbs actual damages on their claims for either breach of contract or for fraud.

Next, we agree with RLC that the evidence doesn't show the Cobbs paid RLC $54,810, even though that's what Bobbie swore to in her Declaration. On appeal, RLC and Martinez note that the checks made payable to RLC in the summary-judgment evidence total $45,810. One of the checks in evidence, a check for $9,000, is payable to Big Chuck's. But Bobbie's Declaration and the other summary-judgment evidence doesn't explain what work Big Chuck's performed on the Cobbs' lot, whether Big Chuck's worked on the landscaping project directly for the Cobbs or as a

subcontractor for RLC, or why Bobbie credited the $9,000 check made payable to Big Chuck's against the payments the Cobbs made to RLC.

As a party to the case, Bobbie is an interested witness. As an interested witness, Bobbie's testimony about what the Cobbs paid RLC is neither clear, or positive, or direct, or otherwise credible and free from contradictions and inconsistencies.[15] Her testimony about what it will cost to complete the project is also not credible because the facts she included in her Declaration do not show she is qualified to testify about the reasonable and necessary costs to complete the project, and she failed to provide the court with the estimate that she relied on to form her opinion about the cost of completing the work. Simply put, Bobbie's Declaration fails to support the $25,837 the trial court awarded the Cobbs as actual damages.

The evidence is also insufficient to support the trial court's findings under the Theft Liability Act.[16] Nothing in the record shows RLC

---

[15]*See id.*; Tex. R. Civ. P. 166a(c).

[16]Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2) ("'Theft' means unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, 31.14, Penal Code."); *see* Tex. Penal Code Ann. 31.03 (Theft of Property).

appropriated $45,810 from the Cobbs without their "effective consent."[17] To be sure, a person's consent is not effective if it is "induced by deception."[18] And when a person promises to perform when it is likely to affect the other party to the transaction's judgment and the person making the promise knows he intends the promise will not be performed, that is a "deception" if it deprives the owner of their property without the owner's effective consent.[19] But under the Theft Liability Act, which incorporates the sections of the Penal Code relevant to theft, evidence of a "failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed."[20]

The summary-judgment evidence shows RLC failed to complete its work after promising the Cobbs more money was needed to "keep the project moving." Yet the record lacks any "other evidence of intent or knowledge" that Martinez, when he allegedly made that representation, knew the money the Cobbs gave him would not be used by RLC on the

---

[17]Tex. Penal Code Ann. § 31.03(b).
[18]*Id.* § 31.01(3)(A).
[19]*Id.*
[20]*Id.* § 31.01(1)(E).

Cobbs' project.[21] Thus Bobbie's Declaration—without more—is insufficient evidence to conclusively prove that RLC and Martinez committed theft because the record lacks other evidence much less conclusive evidence to prove that RLC and Martinez knew or intended to commit theft.

## Conclusion

For the reasons explained above, we conclude the Cobbs failed to meet their burden of conclusively proving the elements of at least one of liability theories they raised their motion for summary judgment. We sustain issues three and four. We decline to reach issues one, two, and five through seven, as these issues would not afford the appellants any greater relief.[22]

Rule 44.1(b) of the Texas Rules of Appellate procedure provides that an appellate court may not order a new trial solely on damages when the record shows the liability claims were contested. Even though this case involved a summary-judgment proceeding, the record shows the defendants contested liability by filing a general denial and affirmative

---

[21]Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2) (adopting the meaning of theft in Penal Code section 31.03 as to thefts of property).

[22]Tex. R. App. P. 47.1.

defenses. As a result, we reverse the trial court's judgment and remand for further proceedings consistent with the opinion.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on June 27, 2022
Opinion Delivered February 16, 2023

Before Golemon, C.J., Horton and Wright, JJ.